Short *et al. vs.* Walton *et al.*

To acquire a prescriptive right to a private way over land, it is necessary to show the uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. It is not suffi-

cient to show that those claiming the prescription have been ac-
customed for more than seven years to pass over the land, changing
the way as they saw fit, to avoid obstructions or for convenience.

Prescription.    Roads and bridges.    Before Judge POTTLE.
Wilkes Superior Court.    May Term, 1878.

Reported in the decision.

F. H. COLLEY, for plaintiffs in error, cited as follows:
Way must be uniform, continuous and adverse.    Wash-
burne on Eas., 123, 132, 140, 269, 683, 160, 131, 135, 136,
138, 139; Code, §§737, 2235; 44 *Ga.*, 30; 56 *I b.*, 508.

B. S. IRVIN; W. M. SIMS, for defendants, cited as follows:
Private ways, Code, §§737, 738, 2235.    Final decision on
*certiorari* right, Code, §4067; 58 *Ga.*, 142; Code, §§732,
737, 738, 2235; 7 *Ga.*, 348; 53 *I b.*, 232. · Easement by pre-
scription, Code, §§2678, 2683; Washburne on Eas., 110, 114,
159, 142, 144, 661, 662, 663, 669, 670; 4 *Ga.*, 308; 7 *I b.*, 387.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* to
the ordinary of Wilkes county.    It appears from the record
that Walton *et al.* petitioned the ordinary to have certain
obstructions which had been made to an alleged private way
removed therefrom.    The ordinary refused the application,
and the petitioners sued out a writ of *certiorari*, and the
court, after considering the return of the ordinary and the
evidence, sustained the *certiorari*, and ordered that the ob-
structions to the alleged private way claimed by the peti-
tioners, should be removed; whereupon the defendants in
*certiorari* excepted.

It appears from the return of the ordinary and the
evidence in the record, that the petitioners had been in the
habit of using a private way over the unenclosed land of
Short and Colley for more than seven years—that is to say,

the general direction of the road used by them was the same, but that from ruts, mudholes, and other obstructions, the bed of the road was frequently changed for a considerable distance, and that for awhile it came out one hundred yards above its present place. The petitioners claim a prescriptive right of way over the land of Short and Colley, under the evidence in the record. This is an important question as regards the owners of unenclosed lands in this state. Persons may obtain private ways over the lands of others, by an order from the ordinary, or by prescription of seven years, but such private ways must not exceed fifteen feet in width, and must be kept open and in repair by the persons for whose benefit the same are established. Code, §721. Did the petitioners, by using a road over the unenclosed lands of Short and Colley, sometimes in one place and sometimes in another to suit their own convenience, to avoid ruts, mud-holes, and other obstructions, for more than seven years, acquire a prescriptive right thereto ? We think not. To entitle them to a prescriptive right of way over the unenclosed land of Short and Colley, they should have shown that they had been in the uninterrupted use of a permanent road over their land not exceeding fifteen feet in width, and had kept it open and in repair for seven years. They could not claim a prescriptive right of way over their land by making roads over it to suit their convenience ; otherwise, they might appropriate a considerable portion of their unenclosed land for their private way. In our judgment, the court erred in sustaining the *certiorari.*

Let the judgment of the court below be reversed.