## AARON *et al. vs.* GUNNELS.

To acquire a prescriptive right to a private way over land of another, it is necessary to show the uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. Mere frequency of passage across one's land, not continuing in the same track for the requisite time, and with no repairs or work done on the alleged way, will not suffice.

(*a.*) Under the facts of this case, that the court below remanded the case for a new trial when brought before him on *certiorari*, was quite as favorable a ruling as the claimant of a private way could ask.

Roads and Bridges. Private Ways. Prescription. Before Judge POTTLE. Madison Superior Court. September Term, 1881.

Reported in the decision.

B. F. CAMP; L. & H. COBB, by brief, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

G. W. Aaron *et al.* petitioned the ordinary of Madison county to have certain obstructions, placed in an alleged private way by Willis Gunnels, the defendant, removed. The ordinary, on the trial of the case, under the evidence refused the application, and the petitioners carried the matter to the superior court by *certiorari* where the judge, upon consideration of the facts set out and the proofs, sustained the *certiorari* and sent the case back for a new trial.

With this order and judgment of the court the petitioners were dissatisfied and brought the case here, because a final judgment was not made requiring the obstructions removed.

The private way appears to be a short road running through a part of the defendant's land; is a trifle more convenient than going by way of the public road; the obstruction complained of is a fence; the difference in distance in going through defendant's land and by the public road is only two hundred yards; this nearer way has been used without objection for a great while, and upon this use the prescription rests.

Under the case made, we think that the judge might well have dismissed the *certiorari* and affirmed the judgment of the ordinary, because the petitioners by their proofs did not bring themselves within the requirements of the law entitling them to this private way. Private ways are obtained only by an order from the ordinary, or by prescription of seven years; they are not to exceed fifteen feet in width, are to be kept open, and are to be

worked by the persons for whose benefit they are established. So far from the evidence showing that these parties ever worked this or kept it in repair, it shows that it has never been worked by any body, and that nothing has ever been done to it except the pulling out of the way any bush or other thing which, by chance, happened to fall into it by the passers thereon.

Again, it appears from the record, that the petitioners have not in fact been using the same fifteen feet of way, which is now in use, more than three years, when seven is necessary to give a prescriptive right. In view, however, of the fact that the judge ordered a new trial, for the reason, doubtless, that he was not satisfied to rule the law of the case without more evidence, we will not disturb his judgment.

In no view of the facts, meagre as they are, can we see that the plaintiffs in *certiorari* should complain. To entitle them to this right of way, they must bring themselves within the ruling of the case in *Short et al. vs. Walton et al.*, reported in 61 *Ga.*, 28, and the strict letter of §721 of the Code.

Judgment affirmed.