## CHILDERS *vs*, HOLOWAY.

To entitle one to a prescriptive right of way over the land of another, it must be shown that the prescriber has been in the uninterrupted use of a permanent road over the land, not exceeding fifteen feet in width, and that he has kept it open and in repair for seven years. Code, §§721, 737; 61 *Ga.*, 28.

(*a,*) That one has been in the habit of traveling across the land of another by a route more than fifteen feet wide, which was not kept in repair, and was not permanent in its location, will not suffice.

(*b.*) It will not alter the case that the average width of the road, considering its entire length, was not over fifteen feet.

October 3, 1882.

CRAWFORD, Justice.

---

## ARMAND & RUSSELL *vs*. BURRUM & COMPANY.

A judgment creditor garnished a firm of which his debtor was member. The firm, through the other member, answered that the debtor had nothing therein. On the trial of a traverse to the answer, the partner who made the answer testified that the debtor had no interest in the firm; that on the day of the service of the summons, he had overdrawn his interest one thousand dollars, and if the business had been wound up then, or at any time since, instead of his having anything due him, he would have owed one thousand dollars. Also, that pending, the garnishment, the debtor had charged to him fifty-six dollars and ninety cents, which he drew from money standing to the credit of the firm, though the firm had made no profits during that time, and nothing had accrued to his credit. There was no further testimony. The court charged the jury that " the law treated this sum of money as firm assets belonging to Armand (the debtor), and accruing to his credit between the date of the service of garnishment and its answer; it is proper for a verdict to be given for this amount of fifty-six dollars and ninety cents, and the counsel can write it out and you can let your foreman sign it" :

*Held,* that the question of the interest of the debtor in the firm was for the jury, and the charge of the court was error.

December 12, 1882.

CRAWFORD, Justice.