## NOTT *vs.* TINLEY *et al.*

Where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law. The mere privilege granted to neighbors during particular seasons of the year to use one's own private plantation road, when there was no crop growing on the land, for their convenience and accommodation, it being plowed up and planted at the usual time every year, would not be such use as would ripen into a prescriptive right in such persons as were thus permitted to enjoy its use.

(*a.*) To entitle the defendants in error to remove the obstructions complained of, it must be shown that this private way has been permanent, not over fifteen feet in width, kept open and in repair by the persons using it, and has been in their constant and uninterrupted use for seven years or more. In this case it was not thus shown. Code, §§721, 737.

December 12, 1882.

CRAWFORD, Justice.

---

## WALL *vs.* THE STATE OF GEORGIA.

1. The verdict in this case was fully supported by the evidence, and the sentence imposed was mild.

2. The defendant in this case having been indicted for assault with intent to murder, the facts were not such as to require a charge in regard to the doctrine of reasonable fears, as contained in §4331 of the Code; and the jury having found a verdict of guilty of an assault and battery, the defendant was not hurt by a failure to give such a charge. That principle does not seem to apply to assault and battery.

3. That a jury, upon finding a defendant guilty of assault and battery, added to their verdict a recommendation to mercy, did not vitiate the verdict. Such recommendation was a favor to defendant, which gave him no right to complain.

(*a.*) While the judge was not bound to regard the recommendation, the sentence was light, and the defendant, if not benefited, was certainly not damaged.

January 30, 1883.

JACKSON, Chief Justice.