Collier *vs.* Farr.

---

COLLIER *vs.* FARR.

| 81 | 749 |
|----|-----|
| 110 | 326 |
| 111 | 873 |

| 81 | 749 |
|----|-----|
| 118 | 703 |

Before an applicant can have obstructions removed from a private way, he must show not only that there has been an uninterrupted use for more than seven years, but that it is not more than fifteen feet wide, that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated.

October 22, 1888.

Private ways. Prescription. Obstructions. Before Judge MARSHALL J. CLARKE. Fulton Superior court. March term, 1888.

Reported in the decision.

JOHN COLLIER and T. P. WESTMORELAND, for the plaintiff in error.

James A. Gray, *contra*.

Simmons, Justice.

It seems, from the record in this case, that there was a private road leading from Farr's house to the Howell's mill road, and another private road leading from the Howell's mill road to the Peachtree road. Collier had placed obstructions in both roads. Farr applied to the ordinary for an order to compel Collier to remove the obstructions. It appeared, from the evidence taken before the ordinary, that both of these roads had been used uninterruptedly by Farr for more than seven years. It does not appear from the evidence that the road leading from Farr's house to the Howell's mill road had been kept open and in repair by Farr, or that he had ever done any work thereon. It appears that the road leading from the Howell's mill road to the Peachtree road had had some work done on it by him, but that two trees had fallen across it; one of which had been there from eight to ten years, and the other some two years before the trial before the ordinary. Instead of removing the trees from the road, and thereby clearing it of the obstructions, Farr made new roads around the trees. Under this evidence, the ordinary passed an order requiring Collier to move the obstructions. Collier sued out a writ of *certiorari* to the superior court, and that court, upon hearing the *certiorari* and the answer of the ordinary, affirmed the judgment of the ordinary and dismissed the *certiorari*. Collier sued out his bill of exceptions to this court, and complained of said ruling as erroneous.

We think the court below erred in affirming the ruling of the ordinary. Our code, §721, in defining what a private way is, says, it must not exceed fifteen feet in width, and must be kept open and in repair by the

person on whose application it is established, and may be as much less as the applicant may choose. This court, in construing this section, has frequently held, that the keeping it open and in repair must always be shown before an applicant will be entitled to an order to remove obstructions therefrom.

In the case of *Short et al. vs. Walton et al.*, 61 *Ga.* 28, this court held that, "to acquire a prescriptive right to a private way over land, it is necessary to show the uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. It is not sufficient to show that those claiming the prescription have been accustomed for more than seven pears to pass over the land, changing the way as they saw fit, to avoid obstructions or for convenience." This ruling was reaffirmed in the case of *Aaron vs. Gunnels*, 68 *Ga.* 528, in which case the court say: "So far from the evidence showing that these parties ever worked this (road) or kept it in repair, it shows that it has never been worked by anybody, and that nothing has ever been done to it except the pulling out of the way any bush or other thing which by chance happened to fall into it, by the passers thereon." See also the case of *Nott vs. Tinley*, 69 *Ga.* 766, in which the court hold that "where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law." In the case of *Woolbright vs. Cureton*, 76 *Ga.* 107, the court say that "where there was no evidence to show that the way was not over fifteen feet in width, and that it had been kept open and in repair for seven years, the judgment of the ordinary ordering removal of the obstructions therefrom was properly reversed, on *certiorari*, and a new trial granted." These cases rule that before an applicant can have obstructions removed from a private way, he must not only

show that there has been an uninterrupted use for more than seven years, but he must show that it is not more than fifteen feet wide, and that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated. It takes all these things to constitute a private way. If, therefore, the applicant fails to show that the road is not more than fifteen feet wide, or if he fails to show that he has kept it open and in order, he has not made out such a case as would authorize the ordinary to pass an order to have the obstructions removed therefrom.

In the case at bar, all that Farr showed, as to the road leading from his house to Howell's mill, was that it had been in use for more than seven years. He failed to show its width, or that he had kept it open and in repair, or that it was the original fifteen feet first appropriated. As to the road leading from Howell's mill road to the Peachtree road, the evidence shows that two trees had fallen across the road, and had never been removed; and that instead of removing them, thereby keeping the road in order, he travelled out of the road and around the trees, thereby appropriating more land than the original fifteen feet, and showing that he did not keep the road open and in repair. And, as we have seen in *Short vs. Walton, supra,* it is not sufficient to show that those claiming the prescription have been accustomed for more than seven years to pass over the land, changing the way as they might see fit, to avoid obstructions or for convenience. Nor do we think this construction is in conflict with section 737 of the code, which is as follows: "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way." We have shown by the decisions above

cited, that a private way is a road fifteen feet wide, kept open and in repair. This section declares, in substance, that such a private way shall not be interfered with when it has been in constant and uninterrupted use for seven years or more. We think this construction is a just, fair and reasonable one. It would not do to hold that whenever a gully washes across one of these roads, or whenever a limb or tree falls across it, people using the road can let the obstruction remain, and appropriate more land for their convenience by going around the obstruction. In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it. If he were allowed to wander about on another's land, in different directions and upon different tracks, and were not required to work it, the owner would have no notice of his intention to claim it as a private road. But when confined to within fifteen feet, and compelled to work it, it would be sufficient notice to the owner.

For these reasons, we reverse the judgment of the court below.

Judgment reversed.