NASHVILLE, CHATTANOOGA & ST. LOUIS RY. v. COATS.

1. The court did not err in overruling the demurrers to the plaintiff's petition.
2. The verdict against the plaintiff in error was without evidence to support it, and the court below erred in overruling the motion for a new trial.

Decided February 18, 1910.

Action for damages. Before Judge Fite. Dade superior court. October 12, 1908.

*Brown & Spurlock* and *Payne & Payne*, for plaintiff in error.

*T. J. Lumpkin* and *H. P. Lumpkin*, contra.

BECK, J. The defendant in error brought suit against the railway company to recover damages alleged to have been sustained in consequence of the wrongful and tortious closing up of a private way which led across the railroad company's right of way. It appears from the petition and the amendments thereto that the plaintiff in his pleadings based his cause of action upon the fact that the road alleged to have been wrongfully closed up was a private way by prescription, having been used continuously for over seven years; and it was also alleged that the plaintiff had used the way for more than one year. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, and excepted to the court's judgment overruling the motion.

An examination of the evidence shows that the plaintiff failed entirely to establish the fact that the way which the defendant company had obstructed was a prescriptive right of way. In the case of *Short* v. *Walton*, 61 *Ga.* 28, it was decided, that, "to acquire a prescriptive right to a private way over land, it is necessary to show the uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. It is not sufficient to show that those claiming the prescription have been accustomed for more than seven years to pass over the land, changing the way as they saw fit, to avoid obstructions or for convenience." And in the case of *Aaron* v. *Gunnels*, 68 *Ga.* 528, this ruling was reaffirmed, the court saying: "So far from the evidence showing that these parties ever worked this [road] or kept it in repair, it shows that it has never been worked by anybody, and that nothing has ever been done to it except the pulling out of the way any bush or other thing which by chance happened to fall into it, by the

passers thereon." And it was said, in the case of *Nott* v. *Tinley,* 69 *Ga.* 766, that, "where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law." In the case of *Woolbright* v. *Cureton,* 76 *Ga.* 107, the court said: "Where there was no evidence to show that the way was not over fifteen feet in width, and that it had been kept open and in repair for seven years, the judgment of the ordinary ordering removal of the obstructions therefrom was properly reversed, on certiorari, and a new trial granted." These rulings are affirmed in the case of *Collier* v. *Farr,* 81 *Ga.* 749 (7 S. E. 860). It seems to be clearly established that one who complains of the closing up or obstruction of an alleged prescriptive way must show an uninterrupted use for more than seven years, and he must also show that the way is not more than fifteen feet wide, and that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated. Or, as was said by Simmons, Justice, speaking for the court in the case last cited: "It takes all these things to constitute a private way. If, therefore, the applicant fails to show that the road is not more than fifteen feet wide, or if he fails to show that he has kept it open and in order, he has not made out such a case as would authorize the ordinary to pass an order to have the obstructions removed therefrom." Not only does the plaintiff fail by his evidence (and the defendant did not introduce any) to show "all these things" which it takes to constitute a private way, but he failed to show any of them. The only evidence as to repairs or work done on the alleged private way was the testimony of witnesses Haswell and Martin, the first of whom testified: "There has never been no regular opening across there that I know of, no more than before they put the fence there was nothing, but a man by the name of Jones lived where Mr. Coats lived, and he wanted me to get him some firewood off the mountain, and we just laid down a crossing of ties and so on, so we could get across it, and that is all the crossing I know anything about; . . there never has been any crossing there but the chunk of a crossing; we put in some ties where we wanted to haul some timber across for Mr. Jones; there never has been any wagon road leading up to those bars that I know of, and it never has been used by Mr. Coats that I know of, and he never did haul wood across there; . . there has been no grade except such as me and Jones built several years

ago before Coats moved there; that is right; those ties we put in for that; they have not been there since Coats moved on the place, that I know of; there has never been any provision by which Coats used this crossing, that I know of." And witness J. T. Martin testified: "I never saw Mr. Coats work the road leading up to the crossing, or approaches. I never saw him do any work there at all; he didn't have any wagon road leading up to it no more than like it was before the bars were put in. I never saw anybody doing any work on it." The evidence was entirely silent as to the width of the road. And as to use, the evidence was almost equally as meagre, showing only rare and occasional use by other parties and the use on not more than two or three occasions by the plaintiff; one of the witnesses stating that the plaintiff had hauled or dragged some poles over that crossing.

In view of this evidence it is also clear that no wrongful act was shown upon the part of the defendant company as against the defendant in error, violative of any rights that he may have acquired under the provisions of the Political Code, § 673, even if for a violation of those provisions a party may be held liable in a suit for damages by the "common users" of the road.

The plaintiff's petition stated a cause of action good as against a general demurrer, and the defects pointed out in the special demurrer were sufficiently met by amendment.

*Judgment reversed.   All the Justices concur.*