RAINES *et al. v.* PETTY *et al.,* receivers.

No. 7214.  FEBRUARY 12, 1930.

*H. A. Wilkinson,* for plaintiffs.

*M. C. Edwards* and *R. R. Jones,* for defendants.

RUSSELL, C. J.  T. B. Raines and E. W. Hollingsworth brought this action against Lowrey as surviving partner of a firm composed of Lowrey and Davidson, Davidson having died a short time before the filing of the petition.  The prayer was for an injunction to prevent the obstruction of what the petitioners alleged to be a public alley in the City of Dawson.  It was also alleged that the petitioners had an easement in said alley as a private way.  The right to the use of the alley as a public alley, as well as the right to the alley as a private way or easement appurtenant to the lots of the petitioners, were both alleged to be sustained by prescription, whether the use of the land in question is for a public way or a private easement.  The petition alleged that the alley or easement was about to be obstructed by the defendant by the erection of a building on the premises, and the petitioners prayed for an injunction restraining the defendant from obstucting in any way the alley or easement, the free and unobstructed use of which was claimed by the petitioners.  By amendment the plaintiffs sought to enjoin a nuisance, alleging that the obstruction of the alleged alley was a nuisance and that the City Council of Dawson had failed to abate this nuisance upon the petition of the plaintiffs presented to the municipal authorities for that purpose.  To make a brief statement of the issues, it may be said that the petition is based on the allegations that the piece of land 20 feet and 10 inches wide and 90 feet long, which is the subject of dispute, is a public alley established by dedication or by prescription; that it is a

private way, and the plaintiffs had a right of way over and through it; that the plaintiffs had an easement in the alley, which was both public and private. The defendants answered that the piece of land in dispute is not a private way and is not an alley; that said lot is not a street and has not been dedicated as a street or alley; that there has never been any acceptance of said lot as a street or alley nor has said city treated the lot as a street by maintaining it as a street. In the progress of the litigation Petty and others were appointed receivers for the partnership of Lowrey and Davidson, and were made parties defendant. Upon the trial the jury returned a verdict in favor of the defendants and against the grant of an injunction. The plaintiffs' motion for a new trial was overruled, and they excepted. The motion was upon the general grounds and a ground complaining of several excerpts from the charge of the court to the jury.

■ We shall first deal with the assignments of error based upon the grounds that the verdict is contrary to the evidence and to law. A careful review of the entire brief of evidence convinces us that the jury was fully authorized by the evidence to find in favor of the defendants on every issue involved in the case. It appears that the petitioners bought the two storehouses and the two lots upon which they are situated, fronting on Main Street in the City of Dawson, less than three years ago. These two lots are separated by a space of almost 21 feet fronting on Main Street, which the plaintiffs contend is by dedication and use an alley or street of the City of Dawson; or, if this piece of land is not a public alley, it is insisted that it is a private way which the plaintiffs are entitled to use as an easement appurtenant to each and both of the storehouse lots above referred to. There was evidence in behalf of the plaintiffs, sufficient perhaps to have sustained a finding sustaining their contention as to the creation of a public alley, and some testimony indicating that their predecessors in title had exercised a permissive right to a private way over the lot in question fronting on what is known as Main Street in the City of Dawson. However, the plaintiffs in this case, as in all other civil cases, are required to establish their contentions by a preponderance of the evidence as to every essential allegation with reference to those facts necessary to constitute the legal right which they assert. In this case the jury, in exercising their right to pass upon the credibility of testimony,

was authorized to find that the proof in behalf of the plaintiffs was insufficient to carry the burden of proof. The effect of the jury's verdict was to say that the plaintiffs were not entitled to recover, because the plaintiffs did not show by a preponderance of the evidence that the lot in question was a public street or alley of the city. Many witnesses swore that as far back as 30 or 40 years ago the piece of land fronting on Main Street now under consideration was used by the public in various ways. Anybody that liked might walk across this lot; many drove their teams across it whenever and whithersoever they wished to go. Sometimes it was used for storage purposes for cotton or lumber and for rubbish and trash of various kinds. For several years each of the storehouses which abut upon this so-called alley had side doors, so that entry could be made or goods unloaded into either of the stores. But none of this evidence would suffice to constitute a public alley of the City of Dawson. In order to constitute a public way, whether by dedication or by prescription, there must be acceptance by the public of the public way by the proper authorities. In this case there is some evidence in behalf of the plaintiffs that on one or two occasions the trash-cleaning department of Dawson, as far back as 1918, cut the weeds on this vacant lot and removed them, and on two occasions hauled in some dirt, whether for the purpose of smoothing a road or as a provision against sickness by filling holes does not appear. The acceptance of the ground for the purpose of a public highway, whether denominated alley or street, can not depend upon circumstances of this nature. No one is authorized to accept for a municiipality the dedication of a street which carries with it the burden of working and keeping in proper repair that public highway except its municipal authorities. In the present case, so far from there being any evidence that the City Council of Dawson has ever at any time accepted the so-called alley, either by express action or by acts inconsistent with any other presumption than that the municipality had accepted and assumed the burden of maintaining this public thoroughfare, the evidence on the contrary shows that the City of Dawson in 1923 had made and adopted a map of the city on which the alleged alley appears as lot 7 in block 236 on Main Street. There is in evidence the receipt of the City of Dawson acknowledging the payment by Lowrey and Davidson in 1920 for the pavement assessment against them for 20 feet and 10 inches on Main

Street; and it was also shown that Lowrey and Davidson had paid city taxes on said lot. It appears from the record, therefore, that the City of Dawson in 1920, by the acceptance of the cost of the paving from Lowrey and Davidson, expressly recognized that it was their property and consequently disclaimed title in the city for street purposes or for any other purposes. It would be contrary to equity and good conscience to permit a municipality to exercise the power of taxation in such a manner as to compel any taxpayer to pay taxes upon the property of the city to the city itself.

How stands the case on the issue that the plaintiffs have a right of way or easement over this piece of land nearly 21 feet in width and 90 feet long, which plaintiffs allege is essential to their ingress and egress to the stores described in the petition? There is testimony in behalf of the plaintiffs that both of the stores, the one used for dry goods, designated "Globe" and the other a store occupied by the Atlantic & Pacific Tea Company, had for a period, the length of which is not stated, had side doors opening upon the parcel of land in controversy, which were used as means of ingress and egress and for loading goods into each of the two buildings. It also appears that the building already referred to which belongs to Mr. Raines solely has attached to it a stairway extending from the ground to a second story containing the offices of named lawyers, and that this stairway extends or reaches out into the 20-foot space a distance of three feet. But it appears also from the evidence that the openings leading to the vacant ground as to which there is a dispute have been closed up for several years, and were closed at the time the property was purchased by the present plaintiffs. So the jury had the right to conclude that such use of the premises as was had by the former owners of the property was merely permissive, and therefore could not be the basis of a prescription, or that the use was abandoned as entirely unnecessary after the purchase of the 42-foot strip for street purposes from the defendants Lowrey and Davidson in 1920. Indeed, the jury had the right to believe the testimony of Lowrey, who purchased the property in 1896, and who swore positively that no permission had ever been given to the predecessors in title of the plaintiffs for any use of the property which he and his partner Davidson had claimed to own since their purchase in 1896. He testified that the partnership was the owner of the land under the deed put in evidence, executed in 1896, and

that it ran to Main Street as an entryway to his main warehouse lot for his own use and that of his customers only; that though others may have passed over the ground, it was not with the permission of the owners; that when on one occasion some one (evidently interested in trying to keep the way open) moved a large lot of baled cotton surreptitiously and at night into Lee Street, he immediately had it trucked back and replaced upon the lot or alley. After all, construed by the provisions of section 824 of the Civil Code, the plaintiffs did not prove the creation or existence of a private way. In that section it is provided, as to private ways, that "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way." In this case the evidence does not show the route of the right of way through the strip of land 21 feet wide with which the defendants were invested with title under their deed of 1896, where the private way was fixed, whether on one side or in the middle or on which side. Certainly it could not have been on the side next to the staircase to which we have referred, because the three feet occupied by the staircase is not shown to have been granted permissively or otherwise at any time. Mr. Lowrey swears that he had continuously protested any use of the stairway except such as was terminable at his pleasure. In *Follendore* v. *Thomas,* 93 *Ga.* 300 (20 S. E. 329), and *Peters* v. *Little,* 95 *Ga.* 151 (22 S. E. 44), this court held that the location of the way must not shift from place to place as to any part of the route, but the way must occupy the same ground all the while and be kept in repair on that ground. The evidence does not show that any particular route for a right of way was ever selected in this lot 21 by 90 feet or that the predecessors in title of the present plaintiffs ever at any time kept it in repair. The evidence in the record intended to prove repairs is of no service to the plaintiffs on this branch of the case, because repairs by the municipal authorities would not inure to the benefit of the plaintiffs in their claim for a private way. In the latter instance the plaintiffs must show that they themselves made the repairs or employed some one to make them in their behalf. In *Short* v. *Wallon,* 61 *Ga.* 28, it was held, that, even where it was necessary to avoid obstructions to change the way, mere passing over the land would not work prescription,

The width of the path or way not being 15 feet, and the route changed and not worked by the prescriber, prescription does not ripen. *Gaines* v. *Lunsford,* 120 *Ga.* 371 (47 S. E. 967, 102 Am. St. R. 109). In *Everedge* v. *Alexander,* 75 *Ga.* 858, it was held that obstructions may be removed from prescriptive private ways on petition to the ordinary, and dealing with that subject in *Buchanan* v. *Parks,* 111 *Ga.* 873 (36 S. E. 947), this court held that an application to remove obstructions from a prescriptive way must show not only seven years uninterrupted use, but that the way does not exceed fifteen feet in width which has been kept open and in repair and is the *same fifteen feet* originally appropriated. As illustrating the importance of the evidence that the doors to both of these stores were closed and have been closed for more than three years, it was held by this court that proof that the width did not average over 15 feet will not bring the road within the requirements. *Childers* v. *Holoway,* 69 *Ga.* 758. Upon this subject see also *Nott* v. *Tinley,* 69 *Ga.* 766; *Nashville, Chattanooga & St. Louis Ry.* v. *Coates,* 133 *Ga.* 820 (66 S. E. 1085). As held in *Short* v. *Walton,* supra, "to acquire a prescriptive right to a private way over land, it is necessary to show the uninterrupted use of a permanent way, not over fifteen feet wide, kept open and in repair for seven years. It is not sufficient to show that those claiming the prescription have been accustomed for more than seven years to pass over the land, changing the way as they saw fit, to avoid obstructions or for convenience." We may say in this case, as was said in the case of *Aaron* v. *Gunnels,* 68 *Ga.* 528: "So far from the evidence showing that these parties ever worked this [road] or kept it in repair, it shows that it has never been worked by anybody, and that nothing has ever been done to it [except a clearing of weeds in this case] except the pulling out of the way any bush or other thing which by chance happened to fall into it, by the passers thereon." And it was said in *Nott* v. *Tinley,* supra, that "where a private way is claimed by prescription, the parties setting up such claim must bring themselves strictly within the requirements of the law." As to this, it was said by Mr. Justice Beck, in the *Coates* case, supra, that "It seems to be clearly established that one who complains of the closing up or obstruction of an alleged prescriptive way must show an uninterrupted use for more than seven years, and he must also show that the way is not more than

fifteen feet wide, and that he has kept it open and in repair, and that it is the same fifteen feet originally appropriated. Or, as was said by Simmons, Justice, in [*Collier* v. *Farr,* 81 *Ga.* 749, 7 S. E. 860], 'It takes all these things to constitute a private way. If, therefore, the applicant fails to show that the road is not more than fifteen feet wide, or if he fails to show that he has kept it open and in order, he has not made out such a case as would authorize the ordinary to pass an order to have the obstructions removed therefrom.'" In this case the plaintiffs, seeking extraordinary equitable relief, have substituted the superior court for the ordinary; but the same principles nevertheless apply. In the *Coates* case, supra, after adverting to the necessity of proving certain facts which are essential to the right of having obstructions removed from an alleged private way, it appears that "the evidence was entirely silent as to the width of the road," just as it is in the case at bar. So we are of the opinion that the judge properly ruled in refusing the motion for a new trial based upon the ground that the verdict was contrary to law and the evidence.

    ■ In the only special ground of the motion for a new trial exception is taken to certain excerpts from the charge of the court, by first quoting something over two pages upon which error is assigned, and thereafter in the same ground assigning error upon certain portions of the charge originally quoted, as well as an additional excerpt, upon various grounds of alleged error set forth in the record. Without going into a full discussion of the form or the propriety in which the subjects contained in these assignments are presented, it is enough to say that after careful consideration it is our opinion that the instructions as a whole are very favorable to the contentions of the plaintiffs; and while there may be some inaccuracies in the charge, they afford no ground of complaint to the plaintiffs, and a new trial would not be authorized based upon the assignments of error contained in this ground of the motion, whether they be considered separately or collectively.

*Judgment affirmed. All the Justices concur.*