ROGERS *v.* WILSON.

ATKINSON, J. In a suit to enjoin interference with an alleged private driveway located along the dividing line partly on plaintiff's lot and partly on defendant's lot, and used by the two coterminous proprietors, the right of the plaintiff as alleged in the original petition was founded on express grant of mutual easements over the lot of the other by the common grantor through whom both parties derived title. *Held:*

1. The judge did not err in allowing an amendment to the petition, setting up prescriptive right to the easement, founded on unobstructed use of the driveway for more than seven years, over the objection that the amendment set up a new cause of action. There was no objection to the amendment on the ground that its allegations failed to set forth a good prescription.

2. The original petition alleged a cause of action founded on express grant of easement (*Holder* v. *Jordan Realty Co.,* 170 *Ga.* 764 (2), 154 S. E. 353; *Hamil* v. *Pone,* 160 *Ga.* 774, 129 S. E. 94; *Ashford* v. *Walters,* 160 *Ga.* 350, 127 S. E. 758; *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83, 140 S. E. 67), no part of which was stricken by the amendment. In these circumstances, even if prescription would not run in

favor of the plaintiff against the defendant as tenants in common, that would not be cause for dismissing the whole petition as amended.

3. It not appearing that the driveway in question was expressly mentioned in the senior conveyance by the common grantor to the defendant's predecessor, or indicated upon the plat or plan of the subdivision referred to in the conveyance, the evidence was insufficient to show an easement on the defendant's lot, and consequently did not authorize a verdict for the plaintiff on the cause of action alleged in the original petition before it was amended.

(a) The common grantor by his conveyance to the defendant's predecessor divested himself of all interest in the lot conveyed. If the plat of the subdivision did not show the driveway in question, the grantor did not have any interest in the lot sold to defendant which he could convey by his subsequent deed to the plaintiff, unless it was reserved in his first conveyance. There was no evidence of an express reservation by the common grantor, in his first conveyance, of an easement on the lot therein conveyed. The doctrine of implied reservation of an easement by a grantor of land (9 R. C. L. 765) does not seem to have been adopted in this State (*Carlton* v. *Seaboard Air-Line Railway*, 143 *Ga.* 516, 85 S. E. 863, Ann. Cas. 1917A, 497; *Charleston & Western Carolina Railway Co.* v. *Fleming*, 119 *Ga.* 995, 47 S. E. 541); but in other States where the doctrine has been applied, the weight of authority seems to be that, in order to imply such reservation in the grantor, the easement in question must be one of *necessity* as distinguished from *convenience*. See 9 R. C. L. 765, § 28, and notes; 19 C. J. 920, § 113 (2), and notes; Gaynor v. Bauer, 144 Ala. 448 (39 So. 749, 3 L. R. A. (N. S.) 1082); Tong v. Feldman, 152 Md. 398 (136 Atl. 822, 51 A. L. R. 1291); Conrad v. Smith, 203 Ky. 171 (261 S. W. 1103); McGurn v. Louisville &c. R. Co., 177 Ky. 835 (198 S. W. 222); Brewer v. Avinger, 208 Ala. 411 (involving severance by one instrument taking effect as to each lot at the same time); 34 A. L. R. 242, 243 (3). If the doctrine above mentioned could be applied in this State, there was no evidence to show that the easement in question was one of necessity to the common grantor at the time of his sale to the defendant's predecessor.

(b) The rulings in this division are not opposed to the decisions in the cases cited in headnote 2, supra, and similar cases involving transactions where it appeared that the plats or plans under consideration, which were by appropriate reference made parts of the deeds in question, showed the street, driveway, or subject of dedication.

4. The right of private way over another's land may arise by prescription from seven years uninterrupted use through improved lands (Civil Code, §§ 3641, 818, 824); but in order to set up such prescriptive right of way, it is essential that the prescriber show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same number of feet originally appropriated, but that he has kept it open and in repair during such period. *Johnson* v. *Sams*, 136 *Ga.* 448 (2) (71 S. E. 891); *Kirkland* v. *Pitman*, 122 *Ga.* 256 (2) (50 S. E. 117); *Nashville &c. Ry.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085); *Short* v. *Walton*, 61 *Ga.* 28; *Aaron* v. *Gunnels*, 68 *Ga.* 528; *Nott* v. *Tinley*, 69 *Ga.* 766; *Collier* v.

*Farr,* 81 *Ga.* 749 (7 S. E. 860) ; *Charleston &c. Railway Co.* v. *Fleming,* 118 *Ga.* 699 (3) (45 S. E. 664) ; *Carlton* v. *Seaboard Air-Line Railway,* supra. Whether or not the plaintiff could prescribe against the defendant as a tenant in common before repudiation by the defendant of the right to continue use of the driyeway, the evidence did not show such work or repair of the driveway by the plaintiff as would suffice as a basis for prescription.

5. The evidence was insufficient to authorize the verdict for the plaintiff upon either ground alleged in the petition as amended, and the judge erred in directing the verdict.

*Judgment reversed. All the Justices concur.*

No. 7604. JANUARY 22, 1931.

806

*Winfield P. Jones,* for plaintiff in error.
*John W. Crenshaw,* contra.