## FIRST CHRISTIAN CHURCH AT MACON, GEORGIA, *v.* REALTY INVESTMENT COMPANY.

No. 10463. NOVEMBER 14, 1934. REHEARING DENIED JANUARY 21, 1935.

*S. Gustavus Jones,* for plaintiff.
*Harris, Russell, Popper & Weaver,* for defendant.

GILBERT, Justice. The First Christian Church at Macon, Georgia, a corporation of Bibb County, filed, on July 3, 1933, a petition in which it prayed that the Realty Investment Company, also a corporation of Bibb County, be enjoined from obstructing a certain paved private way over which the petitioner alleged that it had

acquired a prescriptive right of use. The plaintiff alleged that it owned property at the corner of High and Orange streets in the City of Macon, on which it had erected a church, and owned a house and lot on High Street adjacent to the church property, which house and lot had been purchased in July, 1926, from Leon S. Dure, who is the president of the defendant; that this lot extended back about twenty feet further in the rear than the church property; that the defendant owned improved property on Orange Street next to plaintiff's two described lots; that the plaintiff has had, for more than seven years, continuous and uninterrupted use of part of the private way running across the improved property of the defendant and immediately adjacent to the rear of the church property; that the space so used is not over fifteen feet wide, and is the space originally appropriated; that it has never abandoned the same, and has kept it open and in repair for the period named; that defendant has hauled bricks to the driveway, and is preparing to erect a wall which would obstruct plaintiff's use of the driveway, and, though requested to desist from obstructing it, has refused to do so; that the obstruction would constitute a continuing nuisance and cause irreparable damage and injury to the property of plaintiff; and that plaintiff has no remedy at law. Defendant filed an answer denying certain allegations and admitting others. Plaintiff introduced at the hearing certain affidavits to the effect that it had caused the driveway to be swept regularly, and on one occasion had caused to be removed therefrom a tree-limb with a great deal of foliage which had been blown by the wind upon the driveway, and which in diameter was about the size of a man's arm and large enough to practically cover the driveway, and certainly large enough to obstruct the free passage of vehicles through said driveway. Leon S. Dure, president of the defendant, testified that he had sent the janitor of the apartment-house of defendant to sweep the driveway, but could not specifically state that he had done it, but was sure he had, because he, Dure, was passing there all the time and lived in the apartment-house. It was agreed by counsel for defendant that plaintiff had proved all the elements alleged to show a prescriptive right to use the driveway, except that it had kept the same open and in repair for seven years. The court denied an interlocutory injunction, and the plaintiff excepted.

In the brief for the plaintiff it is stated that the private way

was constructed by Leon S. Dure about the year 1919 as a means of ingress and egress to the rear of the house and lot which was subsequently purchased by plaintiff in July, 1926. It does not claim that it obtained any express grant to the use of the private way in connection with the purchase of the house and lot, but asserts a prescriptive right to the use of the private way. The defendant claims, in its brief, that at the time of the purchase of the house and lot by the plaintiff Dure was acting in his own private capacity, though he is now the president of the defendant; and this is not denied in the reply brief of the plaintiff. In the brief for the defendant it is also stated that "This driveway has been open for more than seven years, and plaintiff in error has passed over it without let or hindrance during that time. It is true that it has been kept open, but the plaintiff in error has done nothing to keep it open; for nothing was necessary except the removal of one limb of a tree that fell across it during that time. This limb was removed by the plaintiff in error. Equally is it true that no repairs to the driveway proper have been necessary. The concrete abutment at its entrance has been struck by an automobile entering it, and the Realty Investment Company repaired that; but there has never been a time during the seven years when repairs to the driveway were necessary in order that it might be used for the purposes for which the plaintiff in error used it. . . The only question in this case is whether one who, for the purpose of reaching the rear of his own lot in a city, uses for more than seven years a paved driveway, which he did not construct, across the property of another, can prevent that other's obstructing the driveway over that other's own property, without showing that he who claims that the driveway has become a private way by prescription has kept that driveway open and in repair for seven years." It does not appear that the plaintiff asserted any adverse possession of the driveway in question, but it claims to have acquired a prescriptive right to the use of it under the Civil Code (1910), § 3641, and to be entitled, under § 824, to an injunction against the obstruction of the driveway. It is inferable from the brief of the plaintiff that it concedes that the initial use of the driveway was permissive. The defendant argues in its brief that such use was permissive only, and it is not denied in the reply brief of the plaintiff, which, on the contrary, appears to countenance the premise and to seek to show

that notwithstanding such permissive use it had acquired a prescriptive right. The general law (Code 1910, § 3641) prescribes the mode of acquiring a right to use a private way over the lands of another person, and is as follows: "The right of private way over another's land may arise from express grant; or from prescription by seven years uninterrupted use through improved lands, or twenty years use over wild lands;" etc. An exception to that provision is where a person *has laid out* such a private way as provided in Code (1910), § 818. The petitioner in this case does not claim that it "laid out" the private way. Only the provisions of section 3641 were contained in any of the Codes, as to the acquisition of use of private ways by prescription, prior to the act of 1872 (Ga. Laws 1872, p. 60.) Section 824 was codified from that act. It provides against interference with a private way the use of which has been obtained under § 3641, and is as follows: "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for any one to interfere with said private way." That section does not confer any right to the use of another's land independently of § 3641, and is not in conflict with it, but the two must be read together. As was said in *Watkins* v. *Country Club*, 120 *Ga.* 45, 49 (47 S. E. 538): "The provisions of these two sections can stand together by construing the seven years in the first section [Civil Code (1910), § 3641] to refer to improved lands. . . As the amended petition based the claim of the petitioner to have the obstructions removed upon seven years continuous and uninterrupted user of the way, without alleging that the land over which the way was so used was improved land, the demurrer was well taken and properly sustained." Thus it will be seen that to invoke the provisions of § 824 the claimant must also bring himself within § 3641. What must be shown to give the right claimed by the plaintiff in this case has been set forth in many decisions of this court. In *Johnson* v. *Sams,* 136 *Ga.* 448 (2) (71 S. E. 891), it was said: "To sustain an application for the removal of obstructions from an alleged private way, the right to which is based upon prescription by seven years user, it is essential that the applicant show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, and that it is the same fifteen feet

originally appropriated, but that he has kept it open and in repair during such period. *Collier* v. *Farr*, 81 *Ga.* 749 (7 S. E. 860), and cases cited; *Nashville etc. Ry. Co.* v. *Coats*, 133 *Ga.* 820 (66 S. E. 1085)." See also *Rogers* v. *Wilson*, 171 *Ga.* 803 (4) (156 S. E. 817), and cit. *Ellioll* v. *Adams*, 173 *Ga.* 312 (4) (160 S. E. 336). As against the contention that the plaintiff had kept the driveway open and had swept it regularly and had removed therefrom a tree-limb with a great deal of foliage thereon, and that such acts complied with the decisions of this court, the defendant contends that the plaintiff was using the driveway merely as a licensee; that the defendant had kept the driveway open and had in fact made the only repairs upon it, viz., the repair of damage to a concrete abutment at the entrance to the driveway; and that in the absence of repairs by the plaintiff, some notice should have affirmatively been given by the plaintiff of its intention to assert a claim of right to the use of the driveway, and that its prescription was beginning to run. The plaintiff contends that, as no repairs were necessary, it was not obliged to make repairs necessary by actually damaging the driveway and then repairing it, in order to comply with the requirements of the law as to keeping in repair or making repairs. But it loses sight of the principle underlying that requirement. The essence of the right claimed by the plaintiff to the use of the driveway is prescription; and it is fundamental that prescription is to be strictly construed, and that the prescriber must give some notice, actual or constructive, to him against whom he intends to prescribe. The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the repairs. "In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it." *Collier* v. *Farr*, 81 *Ga.* 753 (supra). Notice is particularly requisite when the use originates under a license, as seems to be admitted in this case. "Where an open and visible use originated in a license or in an easement of necessity and subsequently becomes adverse, knowledge that the use is under claim of right, and not under the license or easement of necessity, must be brought home to the owner of the servient estate, either expressly or impliedly; for, under such cir-

cumstances, he is not chargeable with notice." 9 R. C. L. 780. Also, "A privilege, so commencing, may afterwards be claimed adversely, as a matter of right; but such a claim, if not expressly made, must be shown by an open and notorious possession or by other circumstances which would indicate an adverse enjoyment under claim of right." Jones on Easements, § 180. Each party asserts that the driveway was kept open by it; and even under the view of the plaintiff that it was its supervision that kept it open, we can not say that such is inconsistent with the fact that at the same time the defendant's supervision was operating, there being no claim by either that any active effort to close the driveway by anybody had been manifest during the seven years of alleged prescription. Nor is it inconsistent with the defendant's claim that all the while it reserved its right to assert its exclusive control whenever the plaintiff should indicate that it was using the driveway otherwise than under the grace of the defendant. It is not claimed that the plaintiff ever excluded or undertook to exclude the defendant's agents or any of its tenants, occupying the apartments adjacent to plaintiff's property, from using the driveway. We find nothing in the case to negative an acquiescence by the plaintiff, as at the outset, in the control of the driveway by the defendant through the seven years period. "Merely passing through an alley two feet wide, in a city, belonging to the owner of adjacent property and kept open by him for his own use or the use of his tenants, will not ripen into a right to continue such passing by any lapse of time, no repairs being made *nor any other acts being done so as to give notice to the owner of a claim of right to pass as distinguished from a mere license or permission.*" (Italics ours.) *Cook* v. *Gammon*, 93 *Ga.* 298 (20. S. E. 332). But the plaintiff relies, for notice and repairs, on the fact that it had regularly swept the driveway, and on one occasion had caused to be removed therefrom a tree-limb with a great deal of foliage thereon. It is not claimed that the sweepings were of such consequence or such frequency that without the act of sweeping an obstruction would have resulted. Neither do we think that a single instance of removing such a described limb can be construed as any substantial notice or repair. In *Aaron* v. *Gunnels*, 68 *Ga.* 528, 530, it was said: "So far from the evidence showing that these parties ever worked this or kept it in repair, it shows that it has never been

worked by anybody, and that nothing has ever been done to it except the pulling out of the way any bush or other thing which, by chance, happened to fall into it by the passers thereon." Furthermore, the only positive act of human agency in doing something to the driveway, aside from applying a broom or other instrumentality to sweep it, was the repairing by the defendant of a concrete abutment at the entrance to the driveway, which act of the defendant is not disputed. Under the facts of the case we do not think that the evidence showed that there was any such notice or repair or keeping in repair as would change the position of the plaintiff from that of a mere licensee throughout the seven-year period; and the court did not err in refusing to grant an interlocutory injunction. The case thus far has been considered without inquiring whether equity has jurisdiction to enjoin obstruction of the way. The same statute that protects the right to a private way when legally acquired (Ga. Laws 1872, p. 60, Civil Code (1910), § 824) also provides a complete and adequate remedy to enforce the right (§ 825), which provides: "In the event the owner or owners of land over which such private way may pass, or any other person, shall obstruct, close up, or otherwise render said private way unfit for use, the party or parties injured by such obstructions, or other interference, may petition the ordinary in the county where such private way has been in use to remove such obstructions," etc. The section also provides in detail the proceedings, such as notice, hearing, judgment, and a means of enforcing the judgment. Because the Civil Code (1910), § 825 et seq., provides a complete and adequate remedy, the court did not err in denying an interlocutory injunction. *Childers* v. *Holloway,* 69 *Ga.* 757; *Johnson* v. *Sams,* supra.

*Judgment affirmed. All the Justices concur.*

Russell, C. J., and Atkinson and Bell, JJ., concur specially on the ground that the evidence did not show any prescriptive right, but express no opinion as to the propriety of the remedy adopted.

ON MOTION FOR REHEARING.

Gilbert, Justice. In its motion for a rehearing the plaintiff claims that under the circumstances of the present case the only notice which it was required to give the owner of the land was notice of *use* of the private way in question, and relies on the case of *Everedge* v. *Alexander,* 75 *Ga.* 859 (4), to the extent of the lan-

guage which is quoted therefrom below. It concedes that in view of *Watkins* v. *Country Club,* 120 *Ga.* 47 (supra), and *Nugent* v. *Watkins,* 124 *Ga.* 153 (52 S. E. 158), the "six months knowledge" of the owner, as used in *Everedge* v. *Alexander,* supra, has no application to the present case, but claims that the following language in that case is applicable: (a) "for the reason that knowledge and acquiescence of the owner of the lands is the very essence of the right of way against the owner," and (b) "though he acquiesce silently or consent openly all the time." The case of *Everedge* v. *Alexander* was based on *prescription* by seven years use and actual working of the roadway; and the ordinary found that plaintiffs had acquired an absolute right to the use of the roadway, and ordered obstructions removed. The case was taken to the superior court by certiorari; the presiding judge dismissed the certiorari; the defendant excepted, and the judgment of the superior court was affirmed by this court. The headnotes were not elaborated, and the statement of facts is meager; but the record in this court discloses that the right claimed was under the provisions of the Civil Code (1910), §§ 3641, 824, and not under §§ 809, 818. Before showing that the quoted language has no application to the present case, some observations are helpful in considering the rights and liabilities of an user and an owner of a private way. The Civil Code (1910), § 824, makes unlawful the obstruction of a private right of way *after* the right to use that private way has been acquired. Such a right may be obtained under § 809, after laying out a road under § 818; or it may be obtained under § 3641. In the first case the user lays out the private way at his own expense, after petition to the ordinary, etc. In the latter case the right may be acquired by express grant or by prescription. When use of a private way has been obtained under §. 809 and is continued as long as seven years, of which the owner has had six months knowledge without moving for damages, the right of use becomes absolute, and such owner is barred from claiming damages. § 818. Knowledge of such use must be brought home to the owner, "for the reason that knowledge and acquiescence of the owner of the lands is the very essence of the right of way against the owner." One who seeks to ripen an absolute right to the use of a private way by prescription, instead of obtaining it by express grant, must, when he enters with the consent of the owner, bring

some affirmative notice to the owner, by making repairs or otherwise, of his intention to prescribe through seven years use. It may be replied, as in this case, that passive keeping in repair is notice, but, as was demonstrated by citations of decisions in the opinion heretofore rendered in this case, inaction will not suffice. The expression "keeping in repair" originated in an age when private ways were unpaved and of necessity had to be repaired in order that the use thereof might be continued. "Keeping in repair" was then the equivalent of action and affirmative notice of an·intention to prescribe, even where the use originated in consent. In the present case the plaintiff never opened the way, and not until the motion for a rehearing was it claimed that its use was other than permissive. On the contrary, the record indicates that the sole issue was prescription on the theory of seven years mere use and keeping open and in repair for that period. Obviously the case must be governed by the provisions of §§ 3641 and 824. The plaintiff now admits in its motion for a rehearing that "We think it sound that the underlying principle of all decisions which require the applicant to keep the way open and in order or keep in repair in addition to use for seven years as required at common law are for the purpose of providing notice to the owner when he does not already have it," but contends that "The knowledge itself gained in permissive use works to the benefit of the owner, and he should know, under the case of *Everedge* v. *Alexander,* that prescription is running against him." Of course the owner had knowledge of *use.* He acquiesced in that use by the plaintiff as a *licensee,* but the right which plaintiff seeks under § 3641, if obtained, is a *prescriptive* right by use, and, as demonstrated in the opinion rendered in this case, the decisions of this court are that under § 3641 the notice required is notice of the assertion of an adverse use, under claim of right, as distinguished from a mere permissive use. We shall now show that not only the expression, "six months knowledge," quoted from *Everedge* v. *Alexander,* supra, has no application to the present case, but that the other quoted language has likewise no application. What is the import of the language "for the reason," etc., above quoted, when considered in the context of headnote 4 in *Everedge* v. *Alexander?* That headnote begins: "The doctrine that prescriptive titles to the fee in real estate by seven years possession can not originate in consent, be-

cause the possession there must be adverse all the time, does not prevail or apply to a right of way, under the act of 1872, and the Code, for the reason that knowledge and acquiescence of the owner of the land is of the very essence of the right of way against the owner." The record in *Everedge* v. *Alexander* in this court shows that the plaintiff did not *begin* his use adversely, but later began his prescription by *making repairs,* which constituted notice to the owner, and when thereafter the owner acquiesced for seven years the use of the plaintiff ripened into an absolute right, and under the act of 1872, now codified in § 824, he was entitled to have obstructions removed. What was said was not meant as any relaxation of the rule of prescription when asserted under § 3641, and under the facts of the case it is inferable that the knowledge referred to meant knowledge of an adverse possession which arose subsequently to the permissive possession. It is evident from the record in this court that the courts below decided the issue under the provisions of what is now § 3641, and this court was correct in its affirmance; but apparently Chief Justice Jackson, in writing the sentence quoted, really had in mind the possible situation of an owner under the provisions of §§ 809 and 818, notwithstanding the fact that the case had been decided below under the provisions of § 3641. As illustrating that the court was concerning itself with the provisions of §§ 809 and 818, it then proceeded to show what knowledge it was referring to: "He must have six months knowledge to make the right of way against him complete (Code, § 731) [now 818], and 'steps must be taken to prevent the enjoyment of the way' by the owner, to stop the continuance of the use, or it will ripen into a prescription, though he acquiesce silently or consent openly all the time. " In *Watkins* v. *Country Club,* supra, the court pointed out, as we do here, that the "six months knowledge" has no application to § 3641. Indeed, the court in *Everedge* v. *Alexander* cited "Code, § 731," now Civil Code of 1910, § 818, in connection with statutory proceedings, and it is inescapable that the court had in mind the liability of the owner of land after six months knowledge of use of a private way over such land, established and used under §§ 809, 818, and that the expression "though he acquiesce silently or consent openly all the time" is also not applicable to § 3641 under which plaintiff in error proceeded. As stated in *Watkins* v. *Country Club,* § 818

"is apparently intended as a statute of limitation upon the right of the owner of land over which a private way is laid out, to have his damages for the subjection of his land to the servitude of the way assessed and paid. That the 'six months knowledge' of the owner of the land in this section refers to knowledge of the laying out of a way under the statutory proceedings seems apparent," etc. The situation described by the language quoted will operate against the owner of the land in proceedings under §§ 809, 818, but notice of use can not be a substitute for notice of prescription by use under § 3641. In *Hill* v. *Miller,* 144 *Ga.* 404 (87 S. E. 385), to which we are cited, there was no contention by the owner of the land that the plaintiff had not acquired a prescriptive right. He built a fence and gate upon the right of way, and merely claimed that it was for the protection of his property and not an obstruction inconsistent with the use of the way by the plaintiff. The prescription had been acquired when there were no gate and fence, and of course the court held that they were such an obstruction as the plaintiff could have removed, as a prescriptive right must be determined according to the use during the prescriptive period.

*Motion for rehearing denied. All the Justices concur.*