## 40133. CHOTA, INC. v. WOODLEY.

HILL, Chief Justice.

This case involves a private way allegedly acquired by prescription over rural land in Rabun County. The jury found in favor of the prescriptive easement, and the owner of the fee appeals.

Plaintiff-appellant Chota, Inc., a closely held corporation, owns approximately 157 acres in Rabun County acquired in 1978. Sam F. Woodley, Jr., the defendant-appellee, owns several nearby but not contiguous tracts that he wishes to develop into a residential subdivision. When Woodley began to widen and gravel some roads Chota had opened through its property, Chota brought this suit to enjoin the alleged trespass.

At trial, the evidence showed that Chota owned the fee, that the road in dispute (except for a small part) was shown on plats of record, and that the land was "wild land" within the meaning of OCGA § 44-9-1 (Code Ann. § 85-1401). The burden of establishing pre-scriptive title for 20 years thus fell on the defendant. The evidence of adverse use was not specific. Suffice it to say, however, that the old road apparently existed on the Chota land from the early part of this century. It began at the county road, which follows Stekoa Creek, east of the point where the county road fords Friday Creek, followed Friday Creek southward up to some waterfalls, then veered southeast and continued through the Chota property, across land retained by

Mr. Beverly Randolph when he sold most of what he owned to Woodley, and onto the Woodley property itself. Testimony by witnesses who have lived in the area most of their lives was that the road had been used by them in the 1930's and 1940's for mule and wagon travel and for walking. Already by that time, several houses along the road had been abandoned and had fallen into disrepair. Today, only chimneys and foundations mark their former existence.

Beverly Randolph, however, testified by deposition that his grandmother had owned the 80 acre Woodley/Randolph tract since 1916, that he had often visited there with her, and had himself traveled the road by automobile as recently as the mid-1960's. Insofar as the record shows, this was the last use of the road and it has since become overgrown. Randolph also remembers, when he was growing up, riding to the homes which are now abandoned. Randolph said that the only way he ever visited the property was up this old road. Thus, the evidence shows that the road did in fact exist at some time in the past.[1]

Chota argues strongly, however, that the mere existence of a road and use of it by others is not legally sufficient to establish a prescriptive right to a private way.[2] Chota urges that the Georgia law requires that the person seeking to establish a prescriptive right to a private easement over the land of another must show that the road has been kept open and in repair during the prescriptive period, e.g., *Hasty v. Wilson,* 223 Ga. 739, 742 (158 SE2d 915) (1967), that no evidence of repairs made by an adverse user was presented at trial by Woodley, and that the trial court erred in not directing a verdict on this point as a matter of law.

OCGA § 44-9-1 (Code Ann. § 85-1401) provides: "The *right of private way over another's land may arise* from an express grant, *from prescription* by seven years' uninterrupted use through improved lands or *by 20 years' use through wild lands,* by implication of law when the right is necessary to the enjoyment of lands granted by the same owner, or by compulsory purchase and sale through the superior court in the manner prescribed by Article 3 of this chapter." (Emphasis supplied.) Although repairs are not required for prescription under this Code section, the cases clearly hold that the necessity of showing repairs is required in order to give notice to the

---

[1] Because of our disposition of this case, we need not reach the question of whether the road has been abandoned.

[2] The trial court directed a verdict in favor of Chota on Woodley's claim that the road was a public right of way.

landowner that the prescriber's use of the road is adverse and not permissive. As was said in *Collier v. Farr,* 81 Ga. 749, 753 (7 SE 860) (1880): "In order for one to take or keep another's land as a road for his private use, he should be compelled to keep it open and in repair. Keeping it open and working it would be the best evidence of his intention to appropriate it for a road, and would put the owner upon notice that he did intend to appropriate it. If he were allowed to wander about on another's land, in different directions and upon different tracks, and were not required to work it, the owner would have no notice of his intention to claim it as a private road. But when confined to within fifteen feet, and compelled to work it, it would be sufficient notice to the owner." The repair-notice requirement appears consistently in cases involving prescriptive acquisition of private roads. E.g., *Woolbright v. Cureton,* 76 Ga. 107 (1885); *Buchanan v. Parks,* 111 Ga. 873 (36 SE 947) (1900); *Kirkland v. Pitman,* 122 Ga. 256, 260 (50 SE 117) (1904); *First Christian Church at Macon, Ga. v. Realty Investment Co.,* 180 Ga. 35, 39 (178 SE 303) (1934); *Rothberg v. Peachtree Investments,* 220 Ga. 776 (1) (142 SE2d 264) (1965).

George Pindar comments in his treatise, Pindar, Georgia Real Estate Law, 2 ed., § 8-11 at n. 5, that "[t]he requirement of repairs and limited width seems unique to the State of Georgia, and appears to have arisen from a confusion of the requirements for a compulsory private way granted by the probate court in cases of necessity . . . in which these requirements are set forth in the statute (Ga. Code Ann., § 83-102 [OCGA § 44-9-40 et seq.]) with prescriptive ways. . . . The requirement of repairs is justified as providing notice to the servient owner, but *proof of notice in other ways is not accepted in lieu of repairs."* (Emphasis supplied.) Compare 5 Rest. Law of Property §§ 457, 458. Woodley relies on *Hardin v. Snow,* 201 Ga. 58 (2) (39 SE2d 3) (1946), for the proposition that the repair requirement is actually a notice requirement and that proof of repairs is not necessary. According to Pindar, id. § 8-11 at n. 7, *Hardin v. Snow,* supra, was impliedly overruled in *Rothberg v. Peachtree Investments,* supra, 220 Ga. at 780. In any event, *Hardin v. Snow,* held no more than that repair is not required where none is needed, and Woodley makes no contention here that no repairs were needed on the road in question. *Hardin v. Snow* is therefore at least inapplicable here.

Alternatively, Woodley contends that there is evidence of repairs to be found in the record. He points to circumstantial evidence as well as to Beverly Randolph's direct testimony that he had himself observed that the road appeared to have been freshly gravelled and widened when he went up there with his grandmother during the 1950's.

The circumstantial evidence Woodley relies on consists of the facts that others testified they had occasionally used the road; that no large trees, but only saplings and underbrush, now prevent the passage of automobiles; and that old foundations indicate the presence of homes along the road which meant the road was in constant use. None of this evidence, however, shows adverse use; i.e., the evidence is not inconsistent with the former use by the owners of the Chota land themselves, and permissive use by others. No evidence was presented to show who owned the Chota land at the time the abandoned houses were occupied. Perhaps the people who lived there owned the property and maintained the road for their own use and the permissive use of the other cabin owners, along with the infrequent use by the Randolphs. The evidence fails to show that the use of the road, and the resulting implication of repair, was adverse to the owners of the Chota land. The Randolphs' use of the road, without more, is insufficient to create a prescriptive easement. *Cox v. Zucker,* 214 Ga. 44, 52 (102 SE2d 580) (1958); *Hendricks v. Carter,* 21 Ga. App. 527 (6) (94 SE 807) (1917).

The same deficiencies apply to the statement by Randolph that he had observed that the road had been gravelled and widened in the 1950's. There is no showing that this was done by his grandmother or on her behalf. *Raines v. Petty,* 170 Ga. 53, 57 (152 SE 44) (1929). We find that there is no evidence of repairs by Randolph or Randolph's predecessors in title over a twenty-year period which would establish a prescriptive right to the use of this roadway. Accordingly, the trial court erred in refusing to direct a verdict in favor of Chota and in denying Chota's motion for judgment notwithstanding the verdict.

Since the foregoing is dispositive of the case, we need not address the remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED NOVEMBER 30, 1983.

*Sutton & English, Richard D. Tunkle,* for appellant.
*Cathey & Strain, Edward E. Strain III, William A. Edwards, Jr.,* for appellee.