## SROCHI *et al v.* POSTELL.

No. 16788. October 11, 1949.

60

*Charles W. Bergman,* for plaintiffs.

*Herbert Johnson* and *Ross Arnold,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) 1. This is not a suit to reform a deed under the Code, § 37-215, but one for injunction to restrain the defendant from building a wall along the south boundary line of a city lot that he purchased from the plaintiffs, and upon the theory that it will interfere with their use of a private driveway. The plaintiffs predicate their claim for the relief sought upon a prescriptive right to use a private way without interference, which, according to the petition, is partly on the defendant's land. They contend: that a former owner of the land presently owned by them, more than seventeen years ago, built the driveway in question for his exclusive use and as a means of ingress and egress to his property; that it is less than fifteen feet in width; that it has been kept open and in repair since then by his successors in title, including the plaintiffs; that it has, since the date of its construction, been continuously used by the several successive owners of the land presently owned by the plaintiffs; and that it is now being used for the purposes for which it was originally built. Had the petition stopped with this, we think that it would have shown a prescriptive right in the plaintiffs to use that part of

the driveway admittedly on the defendant's lot (Code, § 83-112); and following the ruling in *Hall v. Browning,* 195 *Ga.* 423 (3) (24 S. E. 2d, 392), and the cases there cited, the petition would have stated a cause of action for the relief sought; but from the pleaded facts we have an entirely different case. It affirmatively appears from the allegations of the amended petition that the plaintiffs, during November 1947, conveyed to the defendant all of their interest in the lot now owned by him, including that part of the driveway now in controversy, they being at the time the owners of both of the lots here involved; and it is elementary, of course, that the plaintiffs in these circumstances had the same right to convey any easement they had in the premises conveyed just as fully and effectively as they did to convey any other interest they had in the lot. And from the petition, as we see the case, it makes no difference whether there was or was not a merger of any separate estates in the defendant's lot while the plaintiffs owned it because, as the record shows, they conveyed to the defendant all right, title, and interest which they had in it, including, of course, the right to use any portion of the driveway located thereon, and it necessarily follows that, if they have been or will be injured because of the things complained of, it is the result of their own voluntary act. In other words, the plaintiffs by their conveyance to the defendant divested themselves of all interest of every character in the premises conveyed, and they must abide the consequences, however inconvenient they may be. The courts do not make contracts; it is their duty to enforce them.

2. In the instant case, the plaintiffs rely upon an implied reservation of an easement. It is their contention respecting this that they did not intend to convey to the defendant their right to use that part of the driveway located on the conveyed premises; that the defendant had notice of the existence and use of the driveway, and that their deed to the defendant therefore contains an implied reservation of the easement. There is no merit in this. The doctrine of implied reservation of an easement by the grantor of land has not been adopted in this State. *Rogers v. Wilson,* 171 *Ga.* 802 (3a) (156 S. E. 817); *Carlton v. Seaboard Air-Line Ry.,* 143 *Ga.* 516 (85 S. E. 863, Ann. Cas. 1917A, 497); *Charleston & Western Carolina Ry. Co. v. Fleming,* 119 *Ga.* 995 (47 S. E. 541).

For the reasons stated in the two divisions of this opinion, the petition as amended failed to state a cause of action for the relief prayed, and that being true, the court did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur.*