## 18809. WALKER v. SIMS ESTATES, INC.

DUCKWORTH, Chief Justice. 1. Where an easement has been acquired by grant, the doctrine of non-user does not apply, and a mere non-use, without further evidence of an intent to abandon such easement, will not constitute an abandonment. *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349); *Owens Hardware Co.* v. *Walters,* 210 *Ga.* 321 (80 S. E. 2d 285). Where, as here, the court charged that an easement may be lost by abandonment or forfeited by non-use, and there was no claim of an express grant, as in this case, the error, if any, was not harmful to the movant, as such grant of the easement was in the petitioner's deeds and not in the movant's. The ruling in the *Owens Hardware* case above might require that the boundary of the petitioner's lot by the alley be considered an express grant of an easement to the alley, which could not be lost by non-use, but none of the deeds in the defendant's chain of title contain any reference to the alley or show the lot as abutting the alley, and hence there is no merit in the 3rd, 4th, 5th, and 6th special grounds, which complain of the charge of the court as not being applicable, since there is no express grant of an easement to the alley in the defendant's chain of title.

2. Special ground 1, complaining that the court failed to give a correct understandable summary of the movant's theory and contentions in the case, is without merit since it is too general, vague, and indefinite to raise any question for determination by this court.

3. The second special ground, complaining of testimony that there was no traveled passageway in the rear of the petitioner's property, is wholly without merit, since the mere fact that the petitioner's deed recites that it is bounded on an alley would not estop him to deny that any alley ever existed.

4. Special ground 7, which complains that the court erred in failing to direct the verdict in favor of the movant is also without merit for the same reason as the general grounds, since the evidence was conflicting and the matter properly submitted to the jury for its consideration and it was ample to support the verdict. For all the foregoing reasons the court did not err in overruling the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1955—DECIDED FEBRUARY 14, 1955—
REHEARING DENIED MARCH 16, 1955.

*J. V. Poole, G. B. Walker,* for plaintiff in error.
*J. Walter LeCraw, Joseph S. Crespi,* contra.