### 25067. TRIBBLE v. MAYOR & ALDERMEN OF THE CITY OF FORSYTH et al.

ARGUED FEBRUARY 10, 1969—DECIDED MARCH 21, 1969.

*Denmark Groover, Jr.,* for appellant.

*Hampton & Sullivan, W. B. Mitchell, James G. Hampton,* for appellees.

ALMAND, Presiding Justice. The Mayor & Aldermen of the City of Forsyth and Oscar H. Chapman in their complaint against Willie Mack Tribble sought to enjoin the defendant temporarily and permanently from maintaining obstructions in a described alley, 17 feet in width, which extends from Kimball Street to Harris Street in the City of Forsyth. Upon the presentation of the complaint, a temporary restraining order was issued. On the hearing for the grant of an interlocutory injunction, the court, after hearing the evidence, granted an interlocutory injunction which restrained the defendant from, "maintaining the obstruction in the said alley or from otherwise excavating, grading, or interfering with the use of said alley, all until the final hearing."

Notice of appeal was filed by the defendant, and he enumerates as error the refusal to dissolve the temporary injunction and the grant of the interlocutory injunction.

■ The City of Forsyth contends that the public acquired a prescriptive right to the use of the described alley through its open, adverse and continuous use as a public alley for more than seven years. Therefore, the alley should be kept open and free from obstructions. It is further contended by the city that this defendant had impliedly dedicated the 17-foot alley to use by the public.

The evidence discloses that petitioner O. H. Chapman and the defendant Tribble entered into a written agreement establishing a joint driveway for their use. Under this agreement, Chapman gave 10 feet of his property, which abutted the property of Tribble, and Tribble contributed 7 feet of his property. Tribble agreed to lay out, fix and maintain the driveway at his own expense. It was further promised: "It is further agreed between the parties that neither shall obstruct or permit the obstruction of said driveway in any manner whatsoever and that no vehicles shall be parked therein or thereon except while loading or unloading in service to any building that may adjoin said driveway. That the space above given and granted is designated for driveway purposes and shall be used for a private driveway and shall not be obstructed in any way. Each party hereto warrants the right in himself to make this agreement and will defend the

same against the claims of all persons whatsoever." This agreement was dated December 29, 1951, and recorded in the office of the clerk of the superior court.

The evidence discloses without dispute that Tribble, pursuant to the agreement, laid out the 17-foot alley which is the subject of this complaint, and has kept it in repair. Both Tribble and Chapman, or his tenants, have used this alley. There was no evidence that either Tribble or Chapman had ever dedicated this alley to the public. There was also no evidence that the City of Forsyth had ever repaired this 17-foot alley strip. There was some evidence that members of the public had, for more than seven years, walked or driven vehicles through this alley.

(a) Though a right of private way over the land of another may arise from prescription by seven years' uninterrupted use through improved lands (*Code* § 85-1401), a mere passing by the public through an alley in a city, belonging to the owner of the adjacent property, and kept open by him for his own use and that of his tenants, will not ripen into a right to continue such passing by any lapse of time, no repairs having been made, and no other acts being done so as to give notice to the owner of a claim of right to use the alley as distinguished from a mere license or permission. *Cook v. Gammon*, 93 Ga. 298 (20 SE 332); *Nassar v. Salter*, 213 Ga. 253 (98 SE2d 557). Use by members of the public alone is insufficient to acquire prescriptive title. It must be kept open and in repair. *First Christian Church v. Realty Investment Co.*, 180 Ga. 35 (178 SE 303). There being no evidence that the City of Forsyth ever maintained or repaired this 17-foot alley, the public acquired no prescriptive right to use it.

(b) The mere use of one's property for travel purposes by a portion of the public, even for a period of seven years or more, will not amount to a dedication of such property to a public use, "unless it appear clearly that there was an intention [on the part of the owner] to dedicate, and that this dedication was accepted by the public authorities, either in express terms or by implication resulting from the maintenance of a way as public in its nature." *Healey v. Atlanta*, 125 Ga. 736, 738 (54 SE 749). See also *Dunaway v. Windsor*, 197 Ga. 705 (30 SE2d 627).

There is no evidence in the instant case which shows either an express or implied dedication by the owners of the 17-foot alley to public use. The court erred in enjoining the defendant Tribble from interfering with the use of the alley by the general public.

■ The plaintiff, O. H. Chapman, joined with the City of Forsyth in their complaint that the public had, by seven years' use, acquired a prescriptive right to use this alley. In his pleadings, he did not claim that his use of the alley was based upon the written agreement between Tribble and himself. On the contrary, he alleged that he was, "the owner of the land upon which the said public easement has been acquired." When the written agreement between Chapman and Tribble, (set out in the first division of the opinion), was offered in evidence by counsel for the complainants, counsel for Tribble made the following objection, "I object to that because there's no claim by Mr. Chapman in this lawsuit except a claim which is derivative of an establishment of a way by dedication, by prescription or some other way, in the same manner as other members of the general public. Were there such a claim, the City of Forsyth wouldn't be a proper party to that claim and it could be brought as a second count, perhaps, in this action; but, as far as this action is concerned, there's no such claim pending." The court admitted the writing with the following statement, "The court will uphold Mr. Groover's objection and admit this for general purposes." At the inception of the hearing, counsel for Chapman made the following statement, "Moreover, Mr. Chapman is joined here as a member of the general public in bringing this petition, to establish that it is a public alley. It's not directed as a violation of this agreement." "In ordinary suits all averments made in a petition or by which a plaintiff seeks to establish his own rights are binding upon him until and unless stricken by amendment with the result that he is powerless to dispute them." *Mitchell v. Arnall*, 203 Ga. 384 (8) (47 SE2d 258).

From the foregoing, it is apparent that in this proceeding, Chapman's claim of right to injunctive relief was dependent upon the right of the City of Forsyth to such injunctive relief. Having held that the court erred in granting an injunction in

favor of the city, it follows that the court erred in granting injunctive relief on the basis that the alley was a public alley.

*Judgment reversed. All the Justices concur.*