25179. FOUNTAIN v. SUBER et al.

ARGUED MAY 12, 1969—DECIDED JUNE 16, 1969.

*Culpepper & Culpepper, S. M. Culpepper,* for appellant.

*T. C. Garwood, Sam A. Nunn, Jr.,* for appellees.

ALMAND, Presiding Justice. This appeal is from an order granting a mandamus absolute.

William E. Suber, alleging that he is a resident of Houston County, Ga., brought his petition in Peach County against C. F. Murphy and others as members of the Board of Commissioners of Peach County. In his petition, he made the following allegations: (1) that he is the owner of Lot 73 in the Eighth Land District of Peach County; (2) that said tract of land is not immediately accessible to a main road except by means of a public road; (3) that under the provisions of *Code* § 85-410, the road is a public road; and (4) that it is the duty of the defendants to repair and maintain this road so as to conform with the standard requirements set forth in *Code* §§ 95-105, 95-106, and 95-408. He prayed for the grant of a mandamus absolute requiring the defendant to repair and maintain this road so as to conform to the aforesaid section of Title 95 of the Code of Georgia.

The defendants filed their response in which they denied the allegations of the petition that the road is a public road. Subsequent to the hearing of the evidence on the rule nisi, one J. D.

Fountain, alleging himself to be the owner of the land through which the said road runs, filed his motion to intervene. Along with this, he filed his proposed answer in which he denied that said road is a public road and alleged that he has not consented that his land be used as a public road.

This motion to intervene was allowed on January 24, 1969. Fountain, thereafter, filed his motion to dismiss the complaint because it failed to state a claim upon which relief could be granted. He also filed his answer to the complaint and demanded a jury trial.

On January 28, 1969, the court entered orders denying Fountain's motion to dismiss the complaint and his demand for a jury trial.

On February 12, 1969, the court entered its order granting a mandamus absolute.

On March 8, 1969, Fountain, the intervenor, filed his notice of appeal from the order granting a mandamus absolute. In the enumerations of error, it is claimed that: (a) it was error to overrule his motion to dismiss the petition, and (b) it was error to overrule his demand for a jury trial.

It is apparent from a reading of the complaint that the plaintiff based his right to the grant of a mandamus absolute solely upon the provisions of *Code* § 64-102 that "on the application of one or more citizens of any county against the county commissioners of roads and revenues of such counties where by law supervision and jurisdiction is vested in such commisioners over the public roads of such counties and the overseers of the public roads complained of, or the ordinaries of such counties where by law supervision, control, and jurisdiction over such public roads is vested in the ordinaries and the overseers of the public roads that may be complained of, either, both or all of said named parties, as the facts and methods of working the public roads in the respective counties may justify, which application or petition for mandamus shall show that one or more of the public roads of the county of such petitioner's residence are out of repair, and do not measure up to the standards and do not conform to the legal requirements as prescribed by sections 95-105, 95-106, and 95-408, and are in such condition that ordi-

nary loads, with ordinary ease cannot be hauled over such public roads, the judges of the superior courts are hereby authorized and given jurisdiction, and it is hereby made their duty, upon such showing being made, to issue the writ of mandamus against such parties having charge of and supervision over the public roads of such county, and to compel by such proceedings the building, repairing, and working of such public roads as are complained of, up to the standard required by existing laws of this State as embodied in said sections, and so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads; and the judges of the superior courts shall, by proper order, in the same proceedings compel the work done necessary to build, repair, and maintain such public roads up to the standard so prescribed." This quoted portion is of statutory origin, being codified from Ga. L. 1903, p. 41.

The main attack by the intervenor, Fountain, in his motion to dismiss is that it is essential that the party claiming a right to the grant of a mandamus absolute under this Code section allege that he is a resident of the county wherein the public road sought to be repaired and maintained lies. He further alleges that since it affirmatively appears that the plaintiff (the appellee) is a resident of Houston County, the petition was subject to the motion to dismiss.

This court in *Van Valkenburg v. Stone*, 172 Ga. 642, 649 (158 SE 419), which involved a petition for mandamus brought under the provisions of what is now *Code* § 64-102, said by a unanimous bench that: "The provision as to the issuance of a mandamus nisi and the grant of a mandamus absolute as contained in § 5441 supra [now *Code* § 64-102] is for the purpose of compelling county authorities to put [sic] such county roads in the county of the petitioner's residence as are 'out of repair and do not measure up to the standards, and do not conform to the legal requirements as prescribed by sections 632, 633 and 654' [now *Code* §§ 95-105, 95-106 and 95-408], and to compel that such roads be put in condition 'so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads.' "

We agree that one asserting his right to the writ of mandamus

by virtue of the provisions of *Code* § 64-102 must allege in his petition that he is a resident of the county in which the public roads are located and this special statutory remedy of mandamus is not available to a nonresident of the county.

The appellee asserts that the court, in determining his right to maintain a petition for mandamus should consider the general law apart from the provisions of *Code* § 64-102 as that law is set out in *Code* § 64-101: "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." He further cites *Code* § 64-104, which states: "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that plaintiff is interested in having the laws executed and the duty in question enforced."

The answer to this contention is that the appellee brought his petition for mandamus under the special statutory provisions of *Code* § 64-102 and not the general common-law codification rerelating to mandamus. The rule as declared by this court in *Southern R. Co. v. Moore,* 133 Ga. 806, 809 (67 SE 85, 26 LRA (NS) 851) and other cases is: "In 26 Am. & Eng. Enc. Law, 671, it is said: A statute instituting a new remedy for an existing right does not take away a pre-existing remedy, without express words or necessary implication; the new remedy is cumulative, and either may be pursued. But when the statute gives a right or remedy which did not exist at common law, and provides a specific method of enforcing it, the mode of procedure provided by the statute is exclusive and must be pursued strictly. . . Where a statute which creates a duty or liability provides no form of action or mode by which it may be enforced, the right to an appropriate action is implied in favor of the party in whose behalf the duty or liability arises." See also *Carr v. Ga. R. & Bkg. Co.,* 1 Ga. 524; *McGinty v. Gormley,* 181 Ga. 644, 645 (183 SE 804) ; *Cook v. Securities Investment Co.,* 184 Ga. 544, 549 (192 SE 179). The general rule as to statutory rights and remedies, which is found in 1 AmJur2d 601, Actions, § 73, is as

follows: "A state has the constitutional and legislative power to change or modify the common law so as to create duties and liabilities whch never existed before. It may not only enlarge the scope of civil remedies, but may fasten responsibility for injuries upon persons against whom the common law gives no remedy. It may grant or create a right, impose an obligation or liability, or give a right of action unknown to the common law; and when a statute confers a right and a remedy where none existed before, its plain meaning must be given effect."

The appellee based his right to relief on Code § 64-102. The mode of procedure provided therein must be pursued strictly. His alleging himself to be a nonresident of Peach County is fatal to his right to maintain the action.

Having ruled that the court erred in not dismissing the action, it follows that it is not necessary to pass on the assignment of error as to the refusal to grant the appellant a jury trial.

It also follows that the court having erred in not dismissing the petition, erred in granting the writ of mandamus absolute.

*Judgment reversed. All the Justices concur.*