## 27128.   FOUNTAIN v. BRYAN et al.

JORDAN, Justice. Bryan sought mandamus to compel the
County Commissioners of Peach County to maintain
"Roads End Farm Road" which Fountain, the individual
.defendant, contended is a private road located on his
land. The issue of whether the road is a public or private
road was submitted to a jury, all parties stipulating that
this was the controlling issue of fact, and the jury found
for the plaintiff, and the trial judge granted mandamus
absolute. Fountain moved for a new trial, and appeals
the overruling of his motion as amended. *Held:*
1. The trial judge did not err in admitting a plat of the
road identified and described by the surveyor who pre-
pared it, and the objection that the plat is immaterial
and irrelevant is without merit. Although the surveyor

made it clear that the plat was not made in his official capacity of county surveyor, and although it is clear that the plat did not qualify as a survey under *Code* § 23-1112, it was admissible as a part of and illustrative of the oral testimony of the surveyor describing the location of the road. *Durden v. Kerby,* 201 Ga. 780 (41 SE2d 131); *Fendley v. Weaver,* 121 Ga. App. 526 (174 SE2d 369). Even if there was general agreement as to the location of the road, the plat served to identify and fix the precise location, and it is apparently the same plat referred to by the trial judge in identifying the road in his order for mandamus absolute.

2. The trial judge did not err in overruling the motion for directed verdict at the conclusion of the plaintiff's evidence on the ground that the plaintiff had no standing to maintain the suit because the plaintiff had no interest in any property affected thereby. The undisputed evidence discloses that the plaintiff is a resident and citizen of Peach County, and thus a proper applicant to seek mandamus to compel the maintenance of a public road under *Code* § 64-102. The evidence overcomes the controlling defect present in the related case of *Fountain v. Suber,* 225 Ga. 361 (169 SE2d 162).

3. The trial judge did not err in overruling the motion for directed verdict at the close of the evidence on the ground the evidence demands the conclusion that the road is not a public road. In view of all the evidence pro and con regarding use by the public, including use and maintenance to some extent by the authorities of Peach County as well as actions by the defendant Fountain periodically after he acquired the affected land to close the road and to assert dominion over it as a private road, the issue was properly one for jury determination.

4. The trial judge did not err in instructing the jury as follows: "I charge you that the refusal of the State Highway Department to designate the road in question as a rural road for county road mileage purposes does not determine the question of whether the road has been

dedicated to public use by the owner of the land or whether the public has accepted this road as a public road."

The criteria for acceptance of a rural road by the State Highway Department as disclosed by the evidence are not the criteria of actual or implied dedication and acceptance for public use as set forth in *Code* § 85-410 and under numerous cases, including *Hyde v. Chappell,* 194 Ga. 536 (22 SE2d 313); *Lowry v. Rosenfeld,* 213 Ga. 60 (96 SE2d 581).

5. The trial judge did not err in instructing the jury as follows: I charge you that where the owner of land consents for it to be used as a public highway, either expressed or implied, the element of time cuts no figure, but it immediately becomes a public highway; if it is used with the consent of both parties, it immediately becomes a public highway."

This instruction is the same as the instruction complained of in *Hyde v. Chappell,* supra, pp. 538, 543, and is not error in that it eliminates time as an element of consideration if there is consent to dedication by the owner and the public.

*Judgment affirmed. All the Justices concur.*
ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972.

*Culpepper & Culpepper, Sampson M. Culpepper,* for appellant.

*Nunn, Geiger & Rampey, Sam A. Nunn, Jr., George F. Nunn, Jr.,* for appellees.