## 30244. JORDAN v. WAY.

HILL, Justice.

Following a jury verdict finding that a public road exists across his property by prescription, the defendant Howell Jordan appeals from the court's denial of his motion for new trial.

S. A. Way, Sr., filed suit in Pulaski Superior Court charging that the defendant had blockaded a road known as "Old Gooseneck Road" which leads from U. S. Highway 129 across property of the defendant to property of the plaintiff and others. He alleged that Old Gooseneck Road is a public road or has acquired a public character from use by the public for a period of more than sixty years. He contended that the barricade prevents him from direct access to his property and prevents the public generally from use of the road. The plaintiff asked for damages and an injunction to restrain the defendant from obstructing the road.

In answer, the defendant contended that Old Gooseneck Road is not a public road nor a private road in favor of the plaintiff or anyone else. He alleged that he has never permitted anyone to assert any dominion over his property and that no one has asserted any prescriptive rights against him.

At trial the jury heard testimony from twenty-one witnesses before rendering a special verdict. The jury found that a public road did not exist by dedication but that a public road did exist across the defendant's land by prescription, and that the public has not abandoned that public road. They did not reach the question as to whether a private road existed by prescription and they did not award damages to the plaintiff. Based on this verdict, the trial court ordered the defendant to remove the blockade and enjoined him permanently from interfering with the plaintiff's use of the road.

Defendant's motion for a new trial was denied. He appeals from that order enumerating as error (1) that the court erred in charging the jury on the law of a private road in favor of another, (2) that the court erred in failing to charge in the manner the defendant requested on the law of acceptance by public authorities necessary to complete dedication, (3) that the court erred in failing to charge on the law relative to public roads as contained in the Georgia Code on Public Transportation, (4) that the verdict is contrary to the evidence and the law, and (5) that the judgment is erroneous in declaring the road to be a public road as to the plaintiff.

1. The jury found that a public road existed by prescription. Thus, they did not reach the question of whether a private road existed by prescription. The error, if any, as to a private road did not affect the verdict and hence is harmless. Similarly, the court's recharge explaining that damages could only be awarded upon the finding of the existence of a private road was harmless to defendant.

2. The jury found that a public road did not exist by dedication. Thus, any failure to charge in the language requested regarding acceptance by public authorities did not affect the verdict and is also harmless.

3. The defendant contends that the court erred in

failing to charge the law of Public Transportation as found in Code Ann. § 95A-101 et seq. Title 95A (Ga. L. 1973, p. 947 et seq.) was intended to provide an effective legal base for the organization, administration and operation of an efficient, modern system of public roads. Code Ann. § 95A-102. It classifies public roads into three systems, state, county and municipal, and defines the county road system as follows: "Each county road system shall consist of those public roads within that county, including county roads extending into any municipality within the county, which are shown to be part of that county road system by the Department records on the effective date of this Title and any subsequent additions to such county road system made by the county." Code Ann. § 95A-201(b).

Defendant contends that Old Gooseneck Road is neither a state nor municipal road and was not recorded as a county road and hence was not a public road. He contends that the jury should have been instructed as to the consequence of the road not being recorded as a public road.

In *Fountain v. Bryan,* 229 Ga. 120 (4) (189 SE2d 400) (1972), it was held that the following charge was a correct statement of law: ". . . the refusal of the State Highway Department to designate the road in question as a rural road for county road mileage purposes does not determine the question of whether the road has been dedicated to public use by the owner of the land or whether the public has accepted this road as a public road." Although the issue in *Fountain* involved a public road created by dedication and acceptance, the principle is the same or stronger in the case at bar. The failure of the Department of Transportation to record a particular road as being a part of the county road system does not determine whether such road has become a public road by prescription.

The purpose of the Georgia Code of Public Transportation, Code Ann. § 95A-101 et seq., was administrative, etc., as between the state, counties and municipalities. Its purpose was not to ascertain and fix the status of the public right of use of every road in Georgia. Thus, a jury is entitled to find a road to be a

public road notwithstanding the fact that it is not recorded with the Department of Transportation.

The court did not err in failing to charge as urged by the defendant.

4. A right of way may be acquired by prescription. Code § 85-409. Code § 85-402 sets out the elements required. It provides that the possession must not have originated in fraud, must be public, continuous, exclusive, uninterrupted, and peaceable, and must be accompanied by a claim of right. Permissive possession cannot be the foundation of a prescriptive title until there is actual notice of an adverse claim. Adverse use for twenty years shall create a road by prescription. Code § 85-406. In addition, in order for a road to be declared a public one by prescription the public authorities must have accepted it or exercised dominion over it. Maintenance or repair can constitute such acceptance. *McCoy v. Central of Georgia R. Co.,* 131 Ga. 378 (62 SE 297) (1908); *Southern R. Co. v. Combs,* 124 Ga. 1004 (53 SE 508) (1906); *Tribble v. Mayor &c. of Forsyth,* 225 Ga. 204 (1b) (167 SE2d 142) (1969).

Plaintiff-appellee contends alternatively that there was evidence of acceptance by public authorities, or that acceptance by public authorities is a requirement related to dedication and has no application in cases of public roads acquired by prescription. Although the requirement of acceptance by public authorities as applied to prescriptive public roads appears to have originated in railroad cases, *McCoy, Combs,* supra, involving interpretation of the "blow post" law, the requirement has been applied in prescriptive public road cases, *Tribble,* supra. We adhere to the requirement in such cases for the protection of property owners and public authorities and to maintain the distinction between public and private roads acquired by prescription.

The defendant maintains that the jury verdict finding a public road by prescription is contrary to the law and to the evidence.

The defendant conceded that the road was in existence and in use at the time he purchased his property in 1949 and remained so until he closed it in 1973. There was testimony that the road had been in existence for 74

years prior to its closing. Defendant labels the road a "neighborhood road," a "short cut" used by plaintiff and others after "New Gooseneck Road" was built by the county around 1930. He acknowledged that "Old Gooseneck Road" was used also by hunters and people "carrying on." His objection to use of the road by people dumping trash shows use which was adverse to him.

In summary there was testimony that numerous people use the road and have used the road for more than twenty years. There was testimony that the use was continuous, adverse to defendant (although the defendant testified that he had permitted use of the road), peaceable, and uninterrupted until defendant closed the road. There was also some evidence from which the jury could find that the county authorities had repaired the road.

The evidence presented supports the verdict and is in conformity with the law. The trial court did not err in overruling the motion for new trial.

5. The judgment decrees that the road is a public road as between the parties and that plaintiff shall have the free and uninterrupted right to use it as a public road. If the judgment is more restrictive than the verdict authorized, such restriction favors the defendant because, if anything, it may restrict the use of the road and because such judgment could in no event be binding upon the county which was not a party to the suit. Revision of the judgment would not necessitate a new trial and the defendant will not be heard to complain of a judgment which was more favorable to him than was warranted by the verdict of the jury.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 22, 1975 — DECIDED OCTOBER 21, 1975 — REHEARING DENIED NOVEMBER 4, 1975.

*Baker & Strickland, Walter E. Baker, Jr.,* for appellant.

*Lovejoy Boyer, J. Johnson Hall,* for appellee.