## 37013. FARRIS CONSTRUCTION COMPANY, INC. v. 3032 BRIARCLIFF ROAD ASSOCIATES LTD.

CLARKE, Justice.

The issue in this case is whether the appellant Farris Construction Company, Inc. (Farris) holds an easement across the lands of the appellee 3032 Briarcliff Road Associates Limited (Briarcliff).

The parties to this action own adjacent parcels of land, each of which are improved and have frontage on a public street. Prior to January, 1974, Farris held title to the land it now owns and also to the portion of the land owned by Briarcliff across which Farris claims an easement. On January 17, 1974, Farris conveyed to Briarcliff's predecessor in title certain real estate, including the strip of land which is in dispute in this lawsuit. The deed executed by Farris contained no reservation of an easement and the record does not reveal any other easement in favor of Farris. Farris contends, however, that for more than seven years, it has utilized a portion of the lands conveyed away for purposes of ingress and egress to and from the rear of Farris' land, and that as a result it has acquired an easement by implication or prescription.

On January 3, 1980, Briarcliff filed a suit seeking to enjoin Farris from the continued use of the strip of land in question and also seeking damages and attorney fees. The trial court granted Briarcliff's motion for summary judgment and found that since Farris had not been granted an express easement, the easement must arise, if at all, by implication or by prescription. The court further found that no easement arose by implication since in Georgia there is no implied reservation of an easement by a grantor of land. *Srochi v. Postell,* 206 Ga. 59 (55 SE2d 603) (1949). The court further found that Code Ann. § 85-1401 does not provide Farris with a "way of necessity" because the statute implies that a way of necessity is available only to a grantee and not a grantor.

Finally, the court held that defendant did not acquire an

easement by prescription because the strip of land over which the easement is claimed was owned by the claimant until a time less than seven years prior to the filing of this lawsuit. Since adverse use could not begin until after the severance of the two estates, *Burk v. Tyrrell,* 212 Ga. 239 (91 SE2d 744) (1956), the requirement of Code Ann. § 83-112 for the creation of a private way by prescription has not been met.

The trial court's conclusion of law as outlined above is affirmed. We further affirm the trial court's grant of appellee's motion for summary judgment on the basis that even if that provision of Code Ann. § 85-1401 for the creation of a private way over another's land ". . . by implication of law when such right is necessary to the enjoyment of land granted by the same owner . . ." were construed to apply in favor of grantors as well as grantees, there has been no allegation that the use of the driveway in question by appellant is "necessary" within the meaning of the law. In *Rogers v. Wilson,* 171 Ga. 802, 803 (156 SE 817) (1931), the court found: "The doctrine of implied reservation of an easement by a grantor of land . . . does not seem to have been adopted in this State [Cits.]; but in other States where the doctrine has been applied, the weight of authority seems to be that, in order to imply such reservation in the grantor, the easement in question must be one of *necessity* as distinguished from *convenience.* " In the case at hand, there is no contention that appellant had no ingress to or egress from its own land except by way of the driveway located on appellee's land. Rather, appellant's contention is that it has no access to the rear of its property except by way of appellee's driveway. Appellant does not find itself in the position of the landlocked property owner whose only access to his property is by means of a way of necessity over adjoining land. Appellant here has, apparently, access to his land. He has no right under these circumstances to a way of necessity over another's land.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 1981.

*Claude E. Hambrick,* for appellant.
*Grover C. Bailey,* for appellee.