### 38083. GREER et al. v. PIEDMONT REALTY INVESTMENTS, INC. et al.

GREGORY, Justice.
The parties to this action own adjacent parcels of land, each of which fronts a public street. A concrete driveway, constructed by defendants' predecessor in title and approximately nine feet wide,

runs the length of the property line between the two tracts. Defendants are the owners of a small apartment complex. Plaintiffs are the owners of a private residence. Defendants concede that their driveway encroaches on plaintiffs' property by nearly three and one-half feet at its widest point.

Plaintiffs purchased their property in June, 1972. At that time the adjoining tract was owned by Frank Hanna. In December, 1977 Hanna conveyed the tract to Piedmont Realty Investments, Inc., a corporation in which he is the sole shareholder. This property was subsequently conveyed to Rosedale Associates, Ltd. in which Hanna is a limited partner.

Shortly after moving into their home in October, 1972, plaintiffs complained to Hanna about the noise created by use of the driveway separating the tracts. There is some evidence in the record to indicate that, at this time, plaintiffs reached an oral agreement with Hanna whereby plaintiffs would be permitted to park in the driveway and defendants' use of the driveway would be limited to "small service trucks no larger than a pick-up truck or van." The record demonstrates that this agreement was generally complied with until September, 1977 when a large truck driven by defendants' agent, while attempting to use the driveway to approach the rear of defendants' apartments, drove onto a portion of plaintiffs' property, destroying certain trees and ground cover in the process. Plaintiffs twice constructed a fence on their portion of the driveway; defendants tore both structures down and deposited them in plaintiffs' backyard. In the fall of 1978 defendants began renovating the apartments; simultaneously a number of large construction vehicles began making use of the driveway.

Plaintiffs subsequently filed suit to enjoin defendants from making use of that portion of the driveway which encroaches on their property, and praying for damages resulting from defendants' use and destruction of their property. The trial court granted defendants' motion for partial summary judgment, finding that under Code Ann. § 85-1401, defendants had established a private way over the concrete driveway.

(1) Code Ann. § 85-1401 provides that "[t]he right of private way over another's land may arise from express grant; or from prescription by seven years' uninterrupted use through improved lands, or 20 years' use over wild lands; or by implication of law when such right is necessary to the enjoyment of lands granted by the same owner; or by compulsory purchase and sale through the ordinary in the manner prescribed by Title 83, Private Ways."

Defendants contend that the trial court's decision can be affirmed under either of two theories: one, that they acquired a

private way from prescription by seven years uninterrupted use; or that they acquired the right out of "necessity."

(a) It is clear that a private way may not be acquired by prescription where use of the private way is with the owner's permission until an adverse claim is made and actual notice is given to the owner or party in possession. Code Ann. § 85-402; Pindar, *Georgia Real Estate Law,* 2d Edition, § 12-17, p. 415 (1979); *Nassar v. Salter,* 213 Ga. 253, 254 (98 SE2d 557) (1957). As there is some evidence to indicate that defendants used plaintiffs' portion of the driveway with permission, the question of whether defendants acquired a private way by prescription is appropriate for resolution by the trier of fact. Defendants' contention that a private way in the driveway was acquired by prescription before Hanna purchased his tract of land in 1971 is not borne out by the record.

(b) Pretermitting the question of whether a private way may arise by implication of law where there is no evidence to indicate that the lands in question were granted by the same owner, we find that defendants' use of the land is not "necessary" within the meaning of Code Ann. § 85-1401. As noted above, defendants' tract fronts a public street. Defendants' "contention is that [they have] no access to the rear of [their] property except by way of [plaintiffs'] driveway. [Defendants do] not find [themselves] in the position of the landlocked property owner whose only access to his property is by means of a way of necessity over adjoining land. [Defendants] here [have], apparently, access to [their] land. [They] have no right under these circumstances to a way of necessity over another's land." *Farris Const. Co. v. 3032 Briarcliff Rd. Assoc., Ltd.,* 247 Ga. 578, 579 (277 SE2d 673) (1981).

(2) As we find a genuine issue of material fact exists as to the question of whether a private way has arisen by prescription, we find the trial court erred in granting defendants' motion for partial summary judgment.

*Judgment reversed. All the Justices concur.*

Decided January 27, 1982.

*Hatcher, Dorsey, Irvin & Pressley, Jerry B. Hatcher,* for appellants.

*Decker & Cooper, Richard P. Decker,* for appellees.