A91A0763. BRUNO et al. v. EVANS et al.
(408 SE2d 458)

BIRDSONG, Presiding Judge.

Appellants/defendants appeal from a directed verdict declaring that they have no rights of ingress or egress across the property of appellees/plaintiffs, from a judgment in favor of appellees of $8,000 plus costs, and from the order of the trial court denying appellants' motion for new trial.

Appellants gained access to their property by the "Major D Road" from purchase in 1983 until mid-1986. In the spring of 1986,

appellants sought access to their property along the subject road, pathway, or trail (hereinafter road), and commenced certain bulldozing and grading on appellees' property, without giving appellees notice.

The subject road runs off Highway 19, past a radio station, through appellees' property, through wild-land property of Bill Hardman or Crown Mountain South where the road crosses a stream at a location hereinafter referred to as "Ivy Cut," and then through appellants' wild-land property onward to the top of "Crown Mountain." Prior to the 1986 roadwork, appellant Bruno could not get to appellants' property along the subject road, because it crossed "Ivy Cut" and he had the wrong type of vehicle to traverse that ditch. Appellants offered testimony that a jeep, short-bed pickup, short car, or similar vehicle was required in order to cross the subject road at "Ivy Cut." Appellees introduced certain testimonial evidence categorizing the subject road, at the time viewed in 1984 before grading, as a road, an old logging road or a pathway; the subject road being of "footpath" width in areas, impassable to a car, marked at some point with a rusty, old, gunshot sign saying "private driveway," and being of an "unused" appearance.

During their roadwork, appellants placed a culvert where the road crossed "Ivy Cut.".

Appellees brought suit against appellants based on the alleged damages caused by the former to the latter's property, and seeking damages, temporary and permanent injunction, and declaratory judgment. The trial court directed verdict against appellants on the issue of access, ruling the road was not a public road and that appellants did not have a private way of access by virtue of the deeds. The jury returned a verdict against appellants in the amount of $8,000.

The record reflects the following chronology of events regarding the conveyance of the properties in issue. R. F. Edwards was the common grantor as to the two chains of title reaching to appellees/plaintiffs and to the appellants/defendants, respectively. The deed of property to Edwards made no mention of an easement and made no reference to the subject road or to any right therein. In May 1968, Edwards deeded a tract of land, being the alleged *servient* estate, by fee simple grant to Thomas V. Jones (one of appellees' predecessors-in-title), without expressly reserving or retaining any right of access in himself to the conveyed property. In September 1968, Edwards deeded another tract of land, being the alleged *dominant* estate, to Warren and Mary Crawford (appellants' predecessors-in-title), purporting to warrant ingress and egress to the grantees after Edwards already had deeded out the alleged servient property to Jones four months earlier. In September 1983, Warren and Mary Crawford deeded the alleged dominant estate to appellants/defendants. The

deed included the following warranty: "Specifically warranting the right of ingress and egress into the above described property along the existing public road leading from U. S. Highway 19 across other property into the east side of the above described property." However, this same deed made no mention of the rights of any third persons to use the subject road on appellants' property to ingress or egress their own property. A few weeks later, Fred and Jennice Wilson deeded the alleged servient estate to appellees/plaintiffs. In the sales contract, the Wilsons warranted full right of ingress and egress to this estate via the existing road and provided for similar access by other downstream landowners through the estate. The warranty deed included, with somewhat greater specificity, a warranty of "full rights of ingress and egress . . . by means of the existing road," together with an accompanying provision for access of property owners to the "South and Southeast." *Held:*

1. Appellees' motion to transfer appeal to the Supreme Court is denied. Compare *Bond v. Ray*, 207 Ga. 559 (63 SE2d 399) and progeny with *Graham v. Tallent*, 235 Ga. 47 (218 SE2d 799).

2. Appellees' motion for imposition of an award of damages for frivolous appeal is denied.

3. "A directed verdict is authorized when 'there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . .' [Cit.] Further, the evidence must be construed most favorably to the party opposing the motion." *Foreman v. Eastern Foods*, 195 Ga. App. 332, 333 (1) (393 SE2d 695). "A directed verdict is proper whenever a plaintiff simply fails to prove his case." *Quinones v. Maier & Berkele*, 192 Ga. App. 585, 587 (1) (385 SE2d 719), writ vacated, 259 Ga. 875 (390 SE2d 594). These standards will be applied in disposing of each of appellants' enumerations of error, respecting the direction of a verdict by the trial court in favor of appellees. Regarding the enumeration asserting error by the trial court in failing to grant appellants' motion for new trial, "the grant or denial of a motion for new trial is a matter within the sound discretion of the trial court and will not be disturbed if there is any evidence to authorize it," and not contrary to law or justice. (Citations and punctuation omitted.) *Parks v. Consolidated Freightways*, 187 Ga. App. 576, 578 (3) (370 SE2d 827); see generally OCGA §§ 5-5-20; 5-5-25.

(a) Appellants assert the road in question was a public road by prescription. Regarding this issue, we find *Jordan v. Way*, 235 Ga. 496 (220 SE2d 258) to be controlling. *Jordan*, supra at 499 (4), provides inter alia that "[i]n addition, in order for a road to be declared a public one by prescription the public authorities must have accepted it or exercised dominion over it. Maintenance or repair can constitute such acceptance." Under the precedent of *Jordan*, supra, use by the

public of a road without acceptance of that road by legitimate *public authority* will not support a claim of public road by prescription. The purpose of this rule seems to be that public authority should not be held responsible or be compelled to assume duties for a road it has not accepted.

Appellants concede "there was no evidence of dedication [of the road] to the county, at least recent dedication," however, they assert the trial court overlooked certain testimony in the record regarding acceptance. We have reviewed the cited testimony and find it does not suffice, as a matter of law, to create a jury issue regarding the acceptance by public authority of the subject road, particularly that portion thereof which is in issue in this case.

Further, appellants stated on the record "[t]here is no evidence in this case that the county ever worked that road." Even assuming this response did not constitute an admission in judicio as to the fact therein asserted, it is clear from the trial court's response that it considered appellants' counsel to be acquiescing in its interpretation of the evidence regarding this issue. A party cannot complain on appeal of a judgment, order, or ruling that his own procedure or conduct aided in causing. *West v. Nodvin*, 196 Ga. App. 825, 829 (3) (e) (397 SE2d 567).

(b) In argument in support of enumerations of error 1, 3, and 5, appellants assert their deed warrants access to the highway, that appellees' deed also warrants access, and thus appellees' property seemingly is encumbered with an easement. Appellants support this broad assertion by arguing and citing authority that an easement may be created by "the doctrine of implied reservation by necessity."

At the outset we find that to the extent any enumeration of error is not supported in the brief by citation of authority or argument it is deemed abandoned. Court of Appeals Rule 15 (c) (2).

The right of private way over another's land may arise by implication of law when the right is necessary to the enjoyment of lands granted by the same owner. OCGA § 44-9-1. Thus, "[a] way of necessity arises in this State by implication of law under Code § 85-1401 [currently OCGA § 44-9-1] when the common owner sells the dominant estate first and retains the servient estate. The common owner is impliedly deemed to have granted an easement to pass over the servient estate. [Cit.] However, if the common owner sells the servient estate first [as happened in this case], he has deeded everything within his power to deed and retains no easement in the servient estate. Therefore, when the common grantor subsequently deeds the dominant estate to a third party, the third party can obtain no higher interest than that of the grantor and receives no easement over the servient estate." *Hasty v. Wilson*, 223 Ga. 739, 748 (4) (158 SE2d 915); see generally 9 EGL Easements & Licenses, § 21 (1981 Rev.); Pindar,

Ga. Real Estate Law & Proc., Easements & Licenses, § 8-16 (3d ed.); compare *Srochi v. Postell*, 206 Ga. 59, 62 (2) (55 SE2d 603). Accordingly, no easement by implication was created in this case.

Assuming arguendo, sequence of conveyance was not controlling in those instances where easement is created by *implied reservation due to necessity*, the result in this case remains the same. In these cases, a private way by implication is based on necessity and not convenience. *Miller v. Slater*, 182 Ga. 552, 557 (1) (186 SE 413); see *Hasty*, supra at 748; 9 EGL, supra at § 22. Moreover, "[a] reasonable necessity for a way must exist *at the time of the severance* to support the implication of a way of necessity." (Emphasis supplied.) 28 CJS, Easements, § 35 (b). The record fails to establish the actual existence of such necessity at the time of the severance of the property by the common grantor.

4. Appellant claims the trial court erred by not *charging* the correct measure of damages for a trespass to real property. An objection to a charge in a civil case must be made *after* the court instructs the jury and *before* the jury returns a verdict; an objection made only at a charge conference is insufficient to preserve an issue for appeal. *Sims v. Johnson*, 185 Ga. App. 720 (365 SE2d 532). Following the charges, appellants' counsel stated he had no objections or exceptions thereto. Accordingly, no charging errors have been preserved for appeal.

Moreover, assuming error had occurred, appellants while arguing no evidence was introduced to show a diminution in land value, asserted "[t]he other measure of damages is the cost to repair the actual damage done by the perpetrator." Reversal generally is not an appropriate remedy for error aided by appellants' own trial procedure or conduct. *Nodvin*, supra.

5. Appellants assert error in instructing on exemplary damages claiming there was no evidence to support such charge. By failing to object timely to these charges, appellant has failed to preserve this issue for appeal. *Sims*, supra. Accordingly, the enumeration of error as crafted is without merit.

Also, as the cause of action arose before July 1, 1987, the applicable exemplary damages statute is OCGA § 51-12-5. " 'While an award of punitive damages is authorized only where a tortfeasor's conduct is of an aggravated nature, such an award may properly be based upon an aggravated tort involving only property rights.' " *Annis v. Tomberlin &c. Assoc.*, 195 Ga. App. 27, 33 (5) (392 SE2d 717). "It is sufficient if the defendant[s'] acts were wanton or were done with a reckless disregard for or a conscious indifference to the rights of the plaintiff to use and enjoy his property. [Cit.]" *Bowen v. Waters*, 170 Ga. App. 65, 67 (2) (316 SE2d 497). There is some evidence to indicate appellants proceeded in this manner, and in doing so unnecessarily inflicted injury on appellees' property. Thus, the jury's award of exem-

plary damages is supported adequately by evidence of record. See *Annis*, supra; *Bowen*, supra. This result is not altered by the failure of the verdict to specify the basis for the award. We repeatedly have declined to speculate regarding the jury's intent in announcing a particular verdict. *Thomas v. Clark*, 188 Ga. App. 606, 608 (1) (373 SE2d 668). And, by failing to object timely to the format or content of the jury verdict form, appellant has waived any objection to error arising therefrom. *Fort &c. Enterprises v. Scrocca*, 195 Ga. App. 554, 555 (3) (394 SE2d 364).

Appellants' other claims of error are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JUNE 28, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 —

*Douglas E. Smith, B. Dean Grindle, Jr.*, for appellants.
*Hulsey, Oliver & Mahar, Gregory W. Blount*, for appellees.

