S93A1335. DEAS et al. v. HUGHES et al.
(440 SE2d 458)

SEARS-COLLINS, Justice.

The issue on appeal is whether there exists an easement across the property of Rutherford C. Deas and Donna B. Deas, the appellants (hereinafter "Deas"), in favor of Brent E. Hughes and Carolyn C. Hughes, the appellees (hereinafter "Hughes"). We find that the trial court erred in finding that such an easement exists, and, accordingly, we reverse.

L. J. Crumley once owned a tract of land which he subsequently divided into five contiguous parcels[1] (for purposes of this opinion re-

---

[1] Crumley did not develop a subdivision or record a subdivision plat. Rather, he carved the larger tract into smaller parcels which he conveyed over the years to others by deeds containing metes and bounds descriptions.

ferred to as lots 1 through 5), each bordered by Lake Rabun on the west and a public road on the east (see Appendix). In 1973, Crumley conveyed lots 1 and 2, including in each deed the specific reservation of "the right to build a road [or driveway] through this lot . . . for the use of this lot and all lots to the northeast" (lots 3, 4, and 5). Also in 1973, Crumley built the driveway, beginning at the public road on lot 2, and proceeding inwardly across lots 3, 4, and 5. The evidence is conflicting as to the condition of the driveway and how much of the driveway was maintained or passable over the years. In 1977, Crumley conveyed lot 3 to Mary Bondurant by deed, but did not reserve the right to use the portion of the driveway which crosses lot 3. In 1987, Crumley conveyed to Bondurant a nonexclusive easement to the portion of the driveway which crosses lot 2, also reserving the right to use that portion of the driveway. Bondurant conveyed lot 3 to Deas in 1989. Crumley conveyed lot 5 to Hughes in 1987, and conveyed lot 4 to Hughes in 1992, purporting to also convey an easement for the use of the driveway across lots 2, and 3. Hughes brought this action for an injunction prohibiting Deas from blocking Hughes' access to the portion of the driveway on lot 3, which Hughes used to reach lots 4 and 5.

The trial court awarded Hughes a permanent injunction, finding that even though Crumley did not expressly reserve any right to the portion of the driveway on lot 3 when he conveyed that lot to Bondurant, Crumley's express reservations in the deeds conveying lots 1 and 2 of the right to build a road for the benefit of the remaining lots, combined with Crumley's conveyance of an easement to Bondurant and the visible and apparent nature of the driveway, amounted to a covenant running with the land, effectively creating an easement that inured to the benefit of all the remaining lots, including Hughes' lots 4 and 5.[2]

1. First we address whether the deeds from Crumley to the purchasers of lots 1 and 2 created an easement across lot 3 for the benefit of Hughes, the subsequent purchaser of lots 4 and 5. The trial court concluded that Crumley created a covenant running with the land by his reservation of the right to build a driveway in the deeds conveying lots 1 and 2, see *Wardlaw v. Southern R. Co.*, 199 Ga. 97, 98 (2) (33 SE2d 304) (1945), which was enforceable against Deas as the subsequent owner of lot 3. We disagree. Crumley's reservations in the deeds conveying lots 1 and 2 created an appurtenant driveway ease-

---

[2] On appeal, Hughes also argues that he is entitled to an implied easement by necessity or a prescriptive easement. See OCGA § 44-9-1. However, the trial court made no findings of fact, no conclusions of law and no ruling on either issue, and the evidence in the record relevant to the issues is insufficient to support a finding by this court that either type of easement exists as a matter of law.

ment in favor of Crumley's remaining lands, with lots 1 and 2 being the servient tenement and the remainder of Crumley's land being the dominant tenement. When Crumley subsequently conveyed lot 3, he did so without expressly reserving an appurtenant easement across lot 3 for the benefit of his remaining lands, lots 4 and 5. Furthermore, an easement across lot 3 for the benefit of lots 4 and 5 did not arise by implication from the wording of the reservation in the deeds conveying lots 1 and 2, or from the prior common ownership of lots 3, 4, and 5. See *Bruno v. Evans*, 200 Ga. App. 437, 440 (408 SE2d 458) (1991) (a way of necessity arises by implication when the common owner sells the dominant estate first and retains the servient estate, but not vice versa). Therefore, we hold that the trial court erred in finding that an easement was created across lot 3 by virtue of the burden placed on lots 1 and 2.

2. The trial court stated that Crumley's sale to Bondurant of an easement across lot 2, separate from Crumley's sale of lot 3 to Bondurant, and Crumley's reservation of rights to that easement to himself and his successors further supports its decision. However, the language of the easement conveyance makes plain that Crumley was conveying and reserving an easement for the portion of the driveway that crosses lot 2, something that would clearly have been valuable to Bondurant as a means of access to her property. Crumley's reservation in that easement conveyance of the right to cross lot 2 cannot reasonably be construed as "creating" an easement across lot 3. Indeed, Crumley had already transferred unrestricted title to lot 3 to Bondurant, who had no need for an easement across her own property. Therefore, the trial court erred in determining that the easement conveyance created a burden on lot 3.

3. The trial court further held that since the driveway was visible on recorded plats and readily apparent upon inspection of the property when Deas purchased lot 3, Deas took possession of the lot with notice of the "easement" and could not interfere with its use. We disagree. While notice may subject a purchaser of land to an *existing* easement even where the easement is not referenced in the deed of conveyance, *Calhoun v. Ozburn*, 186 Ga. 569, 572 (198 SE 706) (1938), notice that there is a driveway across purchased property cannot *create* an easement where none exists. See OCGA § 44-9-1. In this case, there simply was no *easement* across lot 3 of which Deas, or Bondurant, could have had notice, and notice of the existence of the driveway alone does not support the trial court's conclusion that an easement existed across lot 3.[3]

*Judgment reversed. All the Justices concur.*

---

[3] See note 1, supra.

APPENDIX*

LAKE RABUN

 diagram showing LOT 1, LOT 2, LOT 3, LOT 4, LOT 5 with driveway and PUBLIC ROAD

* This appendix is for illustrative purposes only.

CARLEY, Justice, concurring.

After considering the various methods by which easements may be created under Georgia law, I must reluctantly concur.

No easement across lot 3 has been expressly created for the benefit of lots 4 and 5. By means of the deeds conveying lots 1 and 2, Crumley did create an express easement appurtenant, with lots 1 and 2 as the servient tenement and lots 3, 4 and 5 as the dominant tenement. However, nothing in the deeds conveying lots 1 and 2 indicated that any *servitude* was imposed on *lot 3* for the benefit of lots 4 and 5. Under those deeds, lot 3 was, and continues to be, part of the *dominant* tenement only. Thus, the road as it runs through lot 3 cannot be an easement appurtenant to lots 4 and 5. See *Olsen v. Noble*, 209 Ga. 899, 906 (1) (76 SE2d 775) (1953). Moreover, even if the deeds conveying lots 1 and 2 had purported to impose a servitude on lot 3, they could not have that legal effect because they are not in the chain of title for lot 3, notwithstanding that lot 3 was subsequently conveyed by a common grantor. See *Walker v. Sims Estates*, 211 Ga. 472 (1) (86 SE2d 281) (1955).

No easement across lot 3 has been created by implication. Unlike many other jurisdictions, Georgia has not adopted the doctrine of implied reservation of an easement in favor of a *grantor* of land. *Srochi v. Postell*, 206 Ga. 59, 62 (2) (55 SE2d 603) (2) (1949); *Farris Constr. Co. v. Briarcliff Road Assoc.*, 247 Ga. 578 (277 SE2d 673) (1981); 1 Pindar & Pindar, Ga. Real Est. Law (4th ed. 1993), § 8-16. Where this doctrine has no application, the law may often be extremely harsh in its operation. Pindar, supra. Nevertheless, any apparent harshness of the disposition of the instant case is mandated by Georgia's long-standing rejection of the doctrine of implied reservation of easement, in conjunction with Crumley's failure expressly to have reserved an easement across lot 3.

The issue of the existence of a prescriptive easement was raised below. See *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 514 (250 SE2d 424) (1978). There was evidence received at trial, without objection, which was sufficient to *authorize* a finding of an easement by prescription across lot 3. However, as the majority opinion indicates at footnote 2, the trial court did *not* make, and the evidence did not *demand*, such a finding. Accordingly, I am unable to conclude that the trial court can be affirmed under the principle of "right for any reason."

For the above reasons, I am compelled to concur in the majority opinion and in the judgment of reversal.

DECIDED FEBRUARY 21, 1994 —
RECONSIDERATION DENIED MARCH 14, 1994.

*McClure, Ramsay & Dickerson, Allan R. Ramsay, Morris, Manning & Martin, Joseph R. Manning, John P. MacNaughton,* for appellants.

*Robinson & Harbert, John E. Robinson,* for appellees.

*Gershon, Olim, Katz & Loeb, Max Olim,* amicus curiae.