## A07A1518. BURNETTE et al. v. CAPLAN.

### (650 SE2d 798)

ANDREWS, Presiding Judge.

Sarah Burnette and other family members (collectively "Burnette") appeal from the trial court's order holding that Eva Caplan had an implied easement of necessity over Burnette's property. Because the record shows that no servient or dominant estates were created when the original tract of land was divided, the trial court erred in finding there was an implied easement. Accordingly, we reverse.

This case arose when Caplan filed a petition for declaratory judgment, injunction, and damages, after Burnette informed her that she intended to close off the road which Caplan used to reach her property. The case went to a bench trial on the sole issue of whether Caplan had an implied easement of necessity through Burnette's property.[1]

OCGA § 44-9-1 provides:

The right of private way over another's land may arise from an express grant, from prescription by seven years' uninterrupted use through improved lands or by 20 years' use through wild lands, by implication of law when the right is necessary to the enjoyment of lands granted by the same owner, or by compulsory purchase and sale through the superior court in the manner prescribed by Article 3 of this chapter.

[A] way of necessity arises in this State by implication of law under Code § 85-1401 [currently OCGA § 44-9-1] when the common owner sells the dominant estate first and retains the servient estate. The common owner is impliedly deemed to have granted an easement to pass over the servient estate. However, if the common owner sells the servient estate first . . . , he has deeded everything within his power to deed and retains no easement in the servient estate. Therefore, when the common grantor subsequently deeds the dominant estate to a third party, the third party can obtain no higher interest than that of the grantor and receives no easement over the servient estate.

---

[1] Although Caplan attempted to put forward several different means of acquiring a right-of-way, Burnette pointed out that the only claim pled in the complaint was that there existed an implied easement of necessity across her land and this was the only claim she was prepared to argue at trial. Accordingly, the trial court limited the evidence to this issue.

(Citation and punctuation omitted.) *Bruno v. Evans*, 200 Ga. App. 437, 440 (408 SE2d 458) (1991), citing *Hasty v. Wilson*, 223 Ga. 739, 748 (4) (158 SE2d 915) (1967).

In this case, the trial court found that both Burnette's and Caplan's properties were originally part of the same tract of land owned by J. H. Burnette. J. H. Burnette's heirs deeded away the land now owned by Burnette in 1936. The heirs deeded away the land now owned by Caplan in 1937. The trial court also stated in its order that the deeds to Burnette's land, the servient estate, were not recorded until 1946, while the deeds to the tracts making up the dominant estate, Caplan's property, were recorded in 1943. The court's order then holds that "based upon a preponderance of the evidence by the deeds submitted, a servient estate was created which is currently retained by defendants."

"The findings of fact in a nonjury trial are analogous to a jury verdict and will not be interfered with if there is any evidence to support them." (Citation omitted.) *Lowry v. Hamilton*, 268 Ga. 373, 374 (2) (489 SE2d 827) (1997). However, we review the trial court's conclusions of law de novo. *Douglas Asphalt Co. v. E. R. Snell Contractor, Inc.*, 282 Ga. App. 546, 548 (639 SE2d 372) (2006).

On appeal, Burnette argues that her land was part of a 96-acre parcel of property that was conveyed out of the estate on October 14, 1936. The tracts which make up the land now belonging to Caplan were not conveyed out of the estate until December 26, 1941, and January 9, 1942. Therefore, Burnette argues, no servient estate was created. We agree.

It appears that in determining which property was deeded away first, the trial court used the date that the deeds were recorded and not the date that the land was actually conveyed. The trial court stated to no authority for this and we find none. OCGA § 44-2-2, which deals with when instruments requiring recordation take effect, provides:

> Deeds, mortgages, and liens of all kinds which are required by law to be recorded in the office of the clerk of the superior court and which are against the interests of third parties who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice shall take effect only from the time they are filed for record in the clerk's office. Nothing in this Code section shall be construed to affect the validity or force of any deed, mortgage, judgment, or lien of any kind between the parties thereto.

OCGA § 44-2-2 (b), (c). There is nothing in the above Code section which provides authority for the holding that the deeds in this case were not in force or did not take effect until recorded; rather, just the opposite.

Accordingly, the undisputed evidence is that the land now owned by Sarah Burnette and the other defendants was conveyed out of the original tract before the land now owned by Caplan. Therefore, the law is clear in Georgia that no implied easement of necessity can exist across Burnette's property for the benefit of Caplan's property. When the owners of the original tract sold the property to Caplan, they no longer owned the land now belonging to Burnette and thus could not convey an easement across land in which they owned no interest. *Hasty*, supra; *Bruno*, supra.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED AUGUST 8, 2007.

*Harvey S. Wasserman*, for appellants.
*Vandiver & Kaufman, Marc S. Kaufman*, for appellee.